## Quinn *v.* Cumberland County, Appellant.

[Marked to be reported.]

*Constitutional law—Statutes—Title of act—Act of Jan. 28, 1873.*

The act of January 28, 1873, P. L. 100, entitled, "An act authorizing the town council of the borough of Carlisle to establish a board of health," and providing that all the expenses incurred under the authority of the board of health established thereunder should be paid by the county of Cumberland, violates the provision of the constitution of 1838, which declares that "No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills."

In so far as the act imposes the duty of paying the expenses incurred by the board of health of the borough of Carlisle upon the taxpayers of the county, it is unconstitutional and void.

*Repeal of statutes—Acts of Jan. 28, 1873, and May 11, 1893.*

The general law of May 11, 1893, P. L. 44, entitled, "An act to enable borough councils to establish boards of health," repeals the special act of January 28, 1873, P. L. 100, relating to the establishment of a board of health in the borough of Carlisle.

Whenever any law regulating the affairs of municipalities of a given class shall be found to conflict with a previous local statute applicable to any member of the class relating to the same subject, the latter must give way by reason of the nature and purposes of class legislation. In this manner existing diversities will gradually disappear, and uniformity throughout the class be finally secured.

Argued April 23, 1894.   Appeal, No. 66, Jan. T., 1894, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1893, No. 302, on case stated, in favor of plaintiff, James Quinn. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Reversed.

Case stated.   Before SADLER, P. J.

The material portions of the case stated, after reciting the act of Jan. 28, 1873, authorizing the establishment of a board of health in the borough of Carlisle, are as follows:

" At a meeting of the said board of health held on April 7, 1893, the plaintiff, James Quinn, was regularly appointed messenger to the said board, and his salary fixed at $100 per year. The services which the plaintiff performs are necessary to enable the board of health to carry into effect the provisions of the aforesaid act, and $100 per year is a just and reasonable compensation for the services performed.

" On August 17, 1893, the plaintiff presented his bill to the amount of $8.33 for services rendered as messenger to said board of health during the month of July, 1893, which bill was audited, adjusted and approved by the said board, and a requisition made upon the county commissioners for the amount of said bill.   The county commissioners refused, and still refuse, to draw or grant an order for the payment of the aforesaid requisition, although said requisition is regularly drawn in conformity to the provisions of the 3d section of the aforesaid act.

" The plaintiff's salary for the month of July, 1893, is still due and owing.

" Prior to the time when the commissioners refused to pay the plaintiff's claim, they paid all the debts contracted by the said board of health, when properly audited and adjusted.   Said claims or debts have been paid out of the general funds of the county.   No special tax has ever been assessed to pay the expenses incurred by the said board of health.   The commissioners have appropriated on an average three hundred dollars per annum to pay the expenses of said board of health.

" The reasons assigned by the county commissioners for their refusal to pay the plaintiff's claim, are:

" 1st. That the act of the 28th of January, 1873, entitled

' An act authorizing the town council of the borough of Carlisle to establish a board of health," is in violation of the 7th section of article 11, of the constitution of Pennsylvania of 1790, as amended in 1838, with the subsequent amendments adopted in 1850, 1857 and 1864, and therefore unconstitutional.

" 2d. That the provisions of the local act of the 28th of January, 1873, being inconsistent and contrary to the provisions of a general act passed on the 11th day of May, 1893, entitled ' An act to enable borough councils to establish boards of health,' the 8th section of which provides that ' all acts or parts of acts inconsistent with or contrary to the provisions of this act are hereby repealed,' the general act repeals the local act of January 28, 1873.

" If the court be of the opinion that the act of the 28th of January, 1873, entitled ' An act authorizing the town council of the borough of Carlisle to establish a board of health,' is constitutional, and is not repealed by the act of 11th of May, 1893, entitled ' An act to enable borough councils to establish boards of health,' then judgment to be entered for the plaintiff for the amount of $8.33, but if not, then judgment to be entered for the defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon."

The court, in an opinion by SADLER, P. J., entered judgment for plaintiff on the case stated. Defendant appealed.

*Error assigned* was entry of judgment as above.

*R. W. Woods, Theodore Cornman* with him, for appellant.— The special act of Jan. 28, 1873, P. L. 100, is unconstitutional: Wilkes-Barre City Hospital v. County of Luzerne, 84 Pa. 55; Northern Home, 2 W. N. 349; Sedgwick on Statutes and Constitutional Law, 253; Const. of 1790, with amendments of 1838, 1850, 1857, 1860, art. 11, § 7.

The act of May 11, 1893, repeals the act of 1873: Best v. Baumgardner, Eberman & Co., 122 Pa. 17; Newbold v. Pennock, 154 Pa. 591; Com. ex rel. v. Macferron, 152 Pa. 244.

The following cases have no application: Northumberland County v. Zimmerman, 75 Pa. 26; Harrisburg v. Sheck, 104

Pa. 53; Brown v. County Commissioners, 21 Pa. 37; Malloy v. Reinhard, 115 Pa. 25; McKenna v. Edmundstone, 91 N. Y. 231.

*Conrad Hambleton* and *M. C. Herman*, for appellee.—The act of 1873 is constitutional: Craig v. First Presbyterian Church, 88 Pa. 46; Com. v. Butler, 99 Pa. 535; Sharpless v. Mayor of Phila., 21 Pa. 147; Wheeler v. Phila., 77 Pa. 338; Wilkes-Barre City Hospital v. County of Luzerne, 84 Pa. 55; Speer v. School Directors, 50 Pa. 150; Weister v. Hade, 52 Pa. 474; Hilbish v. Catherman, 64 Pa. 154; Northumberland County v. Zimmerman, 75 Pa. 26; Kirby v. Shaw, 19 Pa. 258.

The local act was not repealed by the act of May 11, 1893: Brown v. County Commissioners, 21 Pa. 43; Bounty Accounts, 70 Pa. 92; Seifried v. Com., 101 Pa. 200; Rounds v. Waymart Borough, 81 Pa. 395; Morrison v. Fayette County, 127 Pa. 110; Bell v. Allegheny County, 149 Pa. 381; Safe Deposit & Trust Co., Admr., v. Fricke, 152 Pa. 231; State v. Township Committee, 3 Cent. Rep. 361; Home for Inebriates v. Reis, 95 Cal. 142; Act of April 8, 1873, P. L. 64; Com. ex rel. v. Macferron, 152 Pa. 244; Act of May 23, 1874, P. L. 230; Malloy v. Reinhard, 115 Pa. 31; Evans v. Phillipi, 117 Pa. 226; Pa. R. R. v. Riblet, 66 Pa. 164; People v. Westchester, 40 Hun (N. Y.) 353.

Opinion by Mr. Justice Green, May 23, 1894:

The title of the act of Jan. 28, 1873, P. L. 100, is as follows· " An act authorizing the town council of the borough of Carlisle to establish a board of health." The first section of the act directs that the town council of the borough of Carlisle shall appoint a board of health to consist of five persons to serve for one year, and also directs the manner of organizing the said board and their meetings. The second section prescribes the powers and duties of the board; the third section directs the publication of the regulations and orders of the board, and the employment of all such persons as shall be necessary to enable the board to carry into effect the provisions of the act, and the regulations and orders which may be adopted, and fix the compensation of the persons employed by them. This section also directed that the expenses incurred by the

board should be chargeable to the county of Cumberland, and that the commissioners of the county should make provision for the payment of the expenses when audited and adopted by the board of health and presented to the commissioners.

The fourth section provided penalties for the violation of, or neglect to obey, any order or regulation of the board. The fifth and last section provided that the board of health then acting should continue in existence until a new board should be appointed.

It will be observed that although the board of health thus provided for, was to be appointed by the town council of the borough of Carlisle, all the expenses incurred under its authority were directed to be paid by the county of Cumberland. The commissioners of the county are not entitled to any participation in the adjustment and determination of any of the expenses incurred by the board of health, nor have they any power of correction of bills which might be subject to criticism, or which might be regarded as excessive or unreasonable. Their duty is simply ministerial and mandatory. They are absolutely required to pay the expenses, when audited and adjusted by the board of health and presented to the commissioners. They have no control over the board of health, nor any right to have a hearing in the courts as to any bills which they might deem objectionable.

Now, while it is probably competent for the legislature to enact such laws, it is their duty, and their constitutional obligation, to give notice in the title of such enactments, of their intention to impose such liability upon the municipal organization which is to be affected, and if this duty is neglected, such legislation is contrary to the requirements of the constitution and therefore void.

Thus in the case of Road in Phœnixville, 109 Pa. 44, we considered an act, the title of which was, "An act relating to boroughs in the county of Chester." It was passed March 18, 1868, P. L. 352, and was subject, as is the act of 1873 in this case, to the constitution of 1838, which contained in article XI, sec. 8, the same provision that is contained in the constitution of 1874, article III, sec. 3, with a slight transposition of a few words in the latter. The provision in the constitution of 1838 was, " No bill shall be passed by the legislature containing more

than one subject which shall be clearly expressed in the title, except appropriation bills." The special act of 1868, entitled " An act relating to boroughs in the county of Chester," repealed certain provisions of a general act entitled " An act regulating boroughs," respecting the proceedings for laying out and opening roads within the boroughs of Chester county, the effect of which was to relieve the property owners in the boroughs from the burden of paying damages for roads opened within the boroughs, and to impose that burden upon the county. We held that the title did not clearly express the purposes of the act, in that it gave no notice of the intention to impose upon the county the duty of paying the damages, and that the act was therefore unconstitutional. The present Chief Justice, delivering the opinion, said: " It may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does this it is useless. . . . In view of what we have said we think the act in question is unconstitutional. While it perhaps conforms to the first clause of the amendment it undoubtedly offends against the second, in that the subject of legislation is not so clearly expressed in the title as to give any notice of the legislative purpose. That purpose, as we have seen, was to transfer the burden of street damages in the several boroughs of the county from the benefited property owners therein, and impose the same on the taxpayers of the county at large. No one reading the title of the act would for a moment suppose that such was the legislative intention."

The decision in the foregoing case is directly applicable and controls the present contention, and we therefore hold that the act of 1873 is unconstitutional and void, in so far as it imposes the duty of paying the expenses incurred by the board of health of the borough of Carlisle upon the taxpayers of the county.

While this decision disposes of the substance of the present controversy it is perhaps desirable that we should say we think that the general law of 11th May, 1893, P. L. 44, repeals the special act of January 28, 1873, heretofore considered. It is, as its title imports, " An act to enable borough councils to

establish boards of health," and expressly applies to "every borough in this commonwealth." It provides a system which is quite different in many respects from that established for the borough of Carlisle by the act of 1873, and is of universal application to all boroughs alike. In the act of 1893 the mode of appointment of the members of the board of health is different from that prescribed by the act of 1873. In the former they are to be appointed by districts and by the burgess and council, in the latter, generally, and by the council only. The organization of the board is different in the two acts; the powers and authorities of the board in the later act are much larger and more diversified than in the earlier; under the later act the board is required to create and maintain a complete and accurate system of registration of all marriages, births and deaths occurring within the boroughs, and to compel obedience to the same, while no such power is given in the act of 1873. Under the act of 1893 the board is required to submit annually before the commencement of the fiscal year to the council an estimate of probable receipts and expenses for the ensuing year, and shall make a report of its proceedings for the preceding year, while the act of 1873 contains no such provision. Under the act of 1893 the council is required to make all necessary appropriations to pay the estimated expenses of the board, while the act of 1873 requires the expenses to be paid by the county. Other differences exist which it is not necessary to enumerate. It is evident the two acts cannot be executed together, and the act of 1893, in its 8th section, expressly repeals "All acts or parts of acts inconsistent with, or contrary to the provisions of this act."

If the act of 1873 is not repealed it would follow that in all the other boroughs of the commonwealth one system would prevail, and in the borough of Carlisle another and different system would control. This inconsistency brings the case directly within the operative words of the repealing clause of the act of 1893.

We think also the case is brought within the operation of the principle applied in Com. v. Macferron, 152 Pa. 244, in considering legislation for cities by classes. Said our brother WILLIAMS in the opinion: "If a law relating to cities of a given class should be held to exclude, or to be inoperative in one or

more members of the class, it must, under the constitution, be inoperative in all, and fall altogether.   There can be no law for a class that does not embrace the whole class.   There can be no law regulating the affairs of one city in a class that does not apply to every city in the class.   Whenever, therefore, any law regulating the municipal affairs of cities of a given class shall be found to conflict with a previous local statute applicable to any member of the class relating to the same subject, the latter must give way by reason of the nature and purposes of class legislation.   In this manner existing diversities will gradually disappear, and uniformity throughout the class be finally secured."

The law of 1893, which we have been considering, furnishes an apt illustration of this doctrine.   The class to which it re-. lates is, all the boroughs of the commonwealth.   It provides a uniform system for the establishment and government of boards of health in all of them.   In this particular case it is found to conflict with the system prevailing on the same subject in one member of the class, to wit, the borough of Carlisle.   Therefore the latter should give way so as to produce uniformity upon this subject among all the members of the class, to wit, all the boroughs of the commonwealth.

We are of opinion,therefore,that the act of 1893, being a general law, to enable borough councils to establish boards of health in all the boroughs of the commonwealth, is actually inconsistent with the act of 1873, and was intended to repeal that and any similar local laws that may exist in other boroughs.   It follows that the learned court below was in error in entering judgment for the plaintiff on the case stated.

Judgment reversed and judgment is now entered for the defendant on the case stated with costs of suit.