The Commonwealth of Pennsylvania to use of Cambria County *v.* J. G. Lloyd, one of the County Commissioners of Cambria County, Appellant.

*Constitutional law—Public officers—County commissioners—Title of act —Act of March* 16, 1872.

The act of March 16, 1872, P. L. 405, entitled "An act relating to the county commissioners of Cambria County," and which provides (1) when the commissioners shall meet for organization, (2) fixes the salary, and (3) empowers them to employ and fix the salary of a competent clerk, does not violate section 3, article III. of the constitution of Pennsylvania which provides that "No bill, except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title."

*Statutes—Repeal of statutes—County commissioners—Acts of March* 16, 1872, *and May* 7, 1889.

The act of March 16, 1872, P. L. 405, entitled "An act relating to the county commissioners of Cambria County," is not repealed by the general act of May 7, 1889, P. L. 109.

Argued Oct. 13, 1896. Appeal, No. 113, Oct. T., 1896, by defendant, from judgment of the Superior Court, April T., 1896, No. 65, affirming judgment of C. P. Cambria Co., June T., 1895, No. 516, on an issue tried by the court without a jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from Superior Court.

The case is reported in 2 Pa. Super. Ct. 6, where the facts are stated.

*Error assigned* was in affirming judgment of the common pleas.

*Alvin Evans*, with him *M. D. Kittel*, for appellant.—The question of compensation not only relates to the county commissioners but is a matter concerning which the taxpayers are interested, and in order to have warned them as to the purpose of fixing the compensation of the commissioners, that fact should have been expressed in the title of the act: Road in

Phœnixville, 109 Pa. 44; Dorsey's Appeal, 72 Pa. 192; Beckert v. City of Allegheny, 85 Pa. 191; Pierie v. Philadelphia, 139 Pa. 573; Gackenbach v. Lehigh County, 166 Pa. 448; Com. ex rel. v. Samuels et al., 163 Pa. 283; Rogers v. Improvement Co., 109 Pa. 109; Evans v. Willistown Twp., 168 Pa. 578.

The act of 1889 revises the subject-matter of the act of 1872, and operates to repeal it to the extent to which its provisons are revised and supplied: Com. v. Cromley, 1 Ashmead, 179; Nusser v. Com., 25 Pa. 126; Johnston's Est., 33 Pa. 511; Com. ex rel. v. Grier, 152 Pa. 176; McCleary v. Allegheny County, 163 Pa. 578; Com. ex rel. v. Weir, 165 Pa. 284; Com. ex rel. v. Schneipp, 166 Pa. 401; Gilchrist v. Strong, 167 Pa. 628; Com. v. Mann et al., 168 Pa. 290; Com. v. Allegheny County, 168 Pa. 303; Best v. Baumgardner, 122 Pa. 17; Com. ex rel. v. Wunch et al., 167 Pa. 186; Fenner v. Luzerne County, 167 Pa. 632; Com. ex rel. v. Macferron, 152 Pa. 245; Quinn v. Cumberland County, 162 Pa. 55; Bruce et al. v. Pittsburg et al., 166 Pa. 152; Huntingdon Borough, 3 Dist. Rep. 435; Com. ex. rel. v. Middletown Borough, 3 Dist. Rep. 639; Com. ex rel. v. McDonnell, 3 Dist. Rep. 767.

*W. Horace Rose,* with him *M. B. Stephens,* for appellee.— The act clearly indicated the subject-matter contained in the body of the bill: Yeager v. Weaver, 64 Pa. 425; Allegheny County Home's App., 77 Pa. 77; Millvale Borough v. Evergreen Ry. Co., 131 Pa. 1; Esling's App., 89 Pa. 205; Mauch Chunk v. McGee, 81 Pa. 433; Allegheny City v. Moorehead, 80 Pa. 118; Dewhurst v. Allegheny, 95 Pa. 437.

The act of 1872 was not repealed by the later act: Malloy v. Com. ex rel. Reinhard, 115 Pa. 25; Morrison v. Fayette County, 127 Pa. 110; Murdock's Petition, 149 Pa. 341; Bell v. Allegheny, 149 Pa. 381.

PER CURIAM, November 11, 1896:

We find no error in this record. For reasons given in the opinion of the Superior Court, the judgment is affirmed.