## E. D. Baker, Appellant, *v.* The County of Warren.

*Forest fires—Compensation for extinction—Act of* 1897—*Defective title.*

The owner of timber land, or one engaged in a lumbering operation, upon whose possessions a forest fire has originated, cannot by calling in the constable cast the burden of the expense of extinguishing the fire upon the county. Such is not the purport or intent of the Act of March 30, 1897, P. L. 9; if it were the title would be defective. Whether, if by fair construction the compensation clause be confined to the constable and those who rendered services pursuant to and because of his request and command, and, who otherwise, would have no interest and would be under no duty or obligation to render them, the act is void by reason of defectiveness of title, not decided.

Argued May 18, 1899. Appeal, No. 235, April T., 1899, by plaintiff, from judgment of C. P. Warren Co., March T., 1899, No. 40, on case submitted to the decision of the court, under act of 1874, in favor of defendant. Before RICE, P. J., BEAVER, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Assumpsit. Before LINDSEY, P. J.

It appears from the testimony that in April, 1898, there was a large and extensive forest of timber and brush lands situated in Warren county owned by different persons. Three separate fires were discovered in said forest and a portion of the same owned by G. W. Campbell & Sons, one April 30, one May 9 and 10, and one July 8 and 9, 1898. These fires were of considerable magnitude and burned over several hundred acres of

timber land before they could be extinguished. At the time of these fires the constable of the township in which they occurred, by virtue of his office ex officio fire warden for the same, was called upon by the plaintiff to assist in extinguishing the said fires. The plaintiff was an employee of G. W. Campbell & Sons at the several times when the fires were discovered, he was paid by them his regular daily wages for the period when the first two fires occurred, but was not paid for work performed at said fires, nor for extra time that he worked at night; neither was he paid for any of the time spent in assisting to extinguish the last fire. While each of the three fires was in the same forest and on different portions of lands owned by G. W. Campbell & Sons, yet other portions of this same forest were owned by different persons and there was evidence tending to show that they might have been destroyed by said fires had not the plaintiff and others assisted the constable in putting out the same. It also appears that Campbell & Sons notified the constable of the fires and invoked his assistance; also that part of the duties of the plaintiff was to guard against and extinguish any fires occurring on the lands of his employer. The plaintiff claimed the sum of $5.40 as due him under the Act of March 30, 1897, P. L. 9.

The court below entered judgment for the defendant, holding, inter alia, as follows:

[We are, therefore, of opinion that the part of the act requiring the several counties and the state to pay the expense of putting out forest fires is unconstitutional and void.] [1]   [We are also of opinion that the claim of the plaintiff is not one that comes within the spirit and meaning of the act of March 30, 1897.] [2]

Judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1, 2) to portions of the general charge, reciting same. (3) In directing the prothonotary to enter judgment for defendant with costs. (7) In its answer to defendant's fourth request for legal conclusions, which request and answer are as follows: "4. Under all the evidence and law in this case the plaintiff is not entitled to recover, and the judgment must be for the defendant. *Answer :* The third and fourth are sustained."

*J. W. Dunkle,* for appellant.—If the judgment of the court below is to stand then the act of March 30, 1897, relating to the protection of forests from fire, is practically a nullity, and of no benefit for the purposes for which it was passed.

It is generally conceded by all authority that the destruction of the forests of this commonwealth works great injury to the state and its citizens.

All that is required is that the title fairly give notice of the subject of the act so as reasonably to lead to an inquiry into its body: Com. v. Lloyd, 2 Pa. Superior Ct. 6, affirmed in 178 Pa. 308.   See also Bradley v. Pittsburg, 130 Pa. 475, Pittsburg v. Daly, 5 Pa. Superior Ct. 528, and Com. v. Green, 58 Pa. 229.

We think the principle decided in Com. v. Lloyd, 2 Pa. Superior Ct. 6, and Hayes v. Cumberland Co., 5 Pa. Superior Ct. 159, rules the case now before this court.

*W. W. Wilbur,* of *Wilbur & Schnur,* for appellee.—The title to an act must not only contain but one object the subject of the legislation, but must also express the same so clearly and fully as to give notice of the legislative purpose to those specially interested therein.

Clearly to express does not mean that which is dubious and hence not clearly expressed.

While an act may conform to the first rule, it must also to the second and express the legislative purpose to place burdens on the taxpayers: Road in Phœnixville, 109 Pa. 44.

The legislature must give notice in the title of the act of their intention to impose liability upon the municipality to be affected by the legislation, otherwise the legislation is void: Quinn v. Cumberland Co., 162 Pa. 55.

OPINION BY RICE, P. J., July 28, 1899:

The plaintiff claimed to recover from the county at the rate of twelve cents an hour for services rendered his employers, G. W. Campbell and Sons, in extinguishing forest fires which originated in and were confined to the lands or timber owned by them, for which services his employers have either paid him or are liable. This is not the precise way in which he states his claim, but as we proceed we think it will be seen that this is what it amounts to under the evidence.   Is the county liable under the Act of March 30, 1897, P. L. 9?

The object of this legislation is the prevention and extinction of forest fires. Its subject, as expressed in the title of the act, is the powers and duties of township constables as ex officio fire wardens, and the duties of citizens required by such officers to render assistance in the extinguishment of fires. There is not a provision in the body of the act that is not germane to this subject. The act, therefore, contains but one subject. This is frankly conceded by the appellees' counsel. " But, unity of subject is not enough," Road in Phœnixville, 109 Pa. 44, and it is argued that the subject is not clearly expressed in the title, because no mention is made of the matter of compensation. The validity of this objection depends somewhat, if not altogether, upon the scope of the provision as to that matter. If by a fair construction the compensation clause be confined to the constable and those who render services pursuant to, and because of, his request or command, and who, otherwise, would have no interest and would be under no duty or obligation to render them, we are not prepared to say that the act is void because of defectiveness of title. It has been said so many times that it is unnecessary to cite the cases, that if the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill it is sufficient; it need not be a complete index to the contents. Where the title fairly gives notice of legislation compelling such services by such persons as we have referred to, it would seem that legislators and the public generally would naturally look into the body of the bill for the purpose of determining how and by whom the constable and the persons compelled to render them are to be compensated, and would not assume that it was intended to exact the services without compensation. This is quite a different thing from transferring a pecuniary burden from boroughs to the county by an act indefinitely entitled, " An act relating to boroughs in the County of Chester," as in Road in Phœnixville, supra, or imposing a burden on the county, which, from the nature of the subject of the legislation expressed in the title, it would naturally and reasonably be supposed would be imposed on the borough, as in Quinn v. Cumberland Co., 162 Pa. 55, or making the county liable for the fees of a recorder of deeds for a service of which the title of the act gives no notice whatever, as in Pierie v. Philadelphia, 139 Pa. 573. None of these cases is

authority for the proposition, that, even if the title shows that a duty is imposed to render a service for which it would reasonably and in the nature of things be expected that compensation would be made, the act is necessarily void because the title does not declare how and by whom it is to be made. Many useful acts, about which no question has ever been raised, would be stricken down if that were to be declared as a fixed and unvarying rule. Not only so, but the decisions show that not every detail which the nature of the subject of the title reasonably suggests as necessary or appropriate for the accomplishment of its expressed purpose must be set forth in the title : Com. v. Jones, 4 Pa. Superior Ct. 362, 368. Compensation may be—we do not say it always is—such a detail, as our own cases show : Com. v. Lloyd, 2 Pa. Superior Ct. 6, affirmed by Supreme Court in 178 Pa. 308 ; Hayes v. Cumberland Co., 5 Pa. Superior Ct. 159, affirmed in 186 Pa. 109. We are, therefore, not prepared at this time to commit ourselves to the extent of deciding that if one having no interest and under no duty or obligation to assist the constable were compelled by him to do so he could not recover compensation. Be that as it may, we all agree that the title of the act does not give fair notice that a method was provided whereby the owner of timber land, or one engaged in a lumbering operation, upon whose possessions a forest fire has originated, can, by calling in the constable, cast the burden of the expense of the work of extinguishing the fire, already undertaken by him and his employees, upon the county. If, as the court below expresses the thought, the purpose of the act was to make it the duty of the constable to guard lumbering operations and to summon the men employed in such operations and have them paid by the counties and state for extinguishing fires caused, possibly, by their own operations, we would have no hesitation in saying that it would fall under the condemnation of the principle recognized in the cases cited in the opinion of the learned judge. But we agree with him that this is not the reasonable or necessary construction of the act. To hold the county liable, it is not sufficient to show that the claimant assisted in putting out the fire, or even that the constable was present approving his action, or that the constable gave him general directions to put out fires whenever he might discover them (the constable has no such authority) ; the claimant must show

that he was " called upon," in the language of the act, or " required " in the language of the title. If, otherwise, he would have no interest to be served, and would be under no duty or obligation to render the services exacted, it might reasonably be inferred that he rendered them because of, and pursuant to, the command or direction of the officer. There is no room for such an inference in the present case, however. Campbell and Sons were engaged in a large lumbering operation, and the plaintiff was their woods foreman. He admits it was his duty to put out the fires, or see that they were put out, and what he did in that regard resulted in the protection of his employer's property. Whilst it is true that the constable (who, by the way, was sent for by Campbell and Sons) formally directed him to proceed, yet it is perfectly clear that the services were rendered, not because of, or pursuant to any command or request of the constable, but because it was a duty of his employment to render them. Moreover, he was in each instance in the actual performance of that duty, or was on his way to the fire for that purpose, before the constable called upon him or came upon the ground. We concur with the court below in the conclusion that his claim under the facts disclosed is not one that comes within the true spirit and intent of the act.

The judgment is affirmed.