# Overseers of the Poor of Boggs Township, Appellant, *v.* the County of Armstrong.

*Poor law—Constitutional law—Title of act of* 1893—*Statutes.*

The Act of June 6, 1893, P. L. 328, entitled "An act providing for the relief of needy, sick and injured, and in case of death of indigent persons whose legal place of settlement is unknown," is constitutional; it gives notice fairly of the subject so as to lead to an inquiry into the bill.

Argued May 11, 1899. Appeal, No. 229, April T., 1899, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1899, No. 187, in favor of defendant on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by ORLADY, J. BEEBER, J., dissents.

Case stated.   Before RAYBURN, P. J.

It appears from the case stated that this was an action to recover the sum of $62.15 from the county of Armstrong by the township of Boggs for the cost of relief and burial of an indigent pauper whose place of settlement was unknown, brought under the act of June 6, 1893.

The court below held that the act of 1893 was unconstitutional and judgment was entered for defendant on case stated. Plaintiff appealed.

*Error assigned* among others was (1) the court erred in its opinion in holding as follows : " There is not anything in the title to this act to give notice to the county that this burden was to be placed upon it; and from this, it is clear that this act offends against article 3, section 3 of the constitution of this commonwealth, and is therefore invalid, and judgment must be entered in favor of defendant."

*H. L. Golden,* with him *W. D. Patton,* for appellant.—If the title of an act fairly gives notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill, it is sufficient. These principles are decided in Mauch Chunk v. McGee, 81 Pa. 433, James Carothers v. The Philadelphia Co., 118 Pa. 468, 489, and Commonwealth v. Moore, 2 Pa. Superior Ct. 162. That the title of an act need not be an index of its contents will be admitted.

Judged by the standard fixed by the case of Commonwealth v. Moore, supra, and other cases referred to therein, the Act of June 6, 1893, P. L. 328, should be sustained and judgment reversed.

*Ross Reynolds,* for appellee.—In two cases, besides the present one, this question has come before the lower courts, and in each instance it was decided that the act of June 6, 1893, is unconstitutional in that the title is defective : Decatur Township Poor District v. Clearfield Co., 4 Dist. Rep. 584 ; Conyngham Twp. v. County of Luzerne, 5 Dist. Rep. 183 ; and in the kindred case of Frankford and Oxford Plank Road and Turnpike, 8 Dist. Rep. 166, an act with a similarly offending title was declared unconstitutional by the court.

However, convincing authority from the higher courts is not wanting that the title to the Act of June 6, 1893, P. L. 328, is fatally defective : Quinn v. Cumberland County, 162 Pa. 55.

To the same general effect are Borough of Mount Joy v. Lancaster, etc., Turnpike Co., 182 Pa. 581, and Phœnixville Road, 109 Pa. 44.

In the case of Road in Otto Township, 2 Pa. Superior Ct. 20 (affirmed in 181 Pa. 390), the principle for which we contend was fully sustained, the court holding " where the title of an act gives no notice or warning of the subject of a proviso, such proviso offends against article 3, section 3 of the constitution of Pennsylvania " and we refer to the opinion to show that the reasons given apply with equal force to the Act of June 6, 1893, P. L. 328.

OPINION BY ORLADY, J., July 28, 1899 :

By the case stated on which this appeal is founded it appears that a nonresident of Armstrong county, while in the plaintiff township, became injured and sick, and being in indigent circumstances, an order of relief was legally taken out before two justices of the peace of the township in which he then was. This order was duly served upon the overseers of the poor of that township, who thereupon supplied the pauper with and paid for the necessary support, shelter, medicine, medical attendance and nursing while he lived, and the proper expenses incident to his burial; that the place of settlement of the pauper was unknown. In the county of Armstrong there is no poor or almshouse maintained at the public expense for the support, care and shelter of the needy and indigent.

This action was brought to recover, under the Act of June 6, 1893, P. L. 328, from the county of Armstrong the expenses incurred in the above manner. The county defended on the ground that the act was unconstitutional in that it violated section 3 of article 3 of the constitution, which provides that, "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The act in question is entitled, " An act providing for the relief of needy, sick, injured, and in case of death, burial of indigent persons whose legal place of settlement is unknown."

It was said in Phœnixville Road, 109 Pa. 44, that "while it may be difficult to formulate a rule by which to determine the extent to which the title of a bill must specialize its objects, it may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does this it is useless." In Quinn v. Cumberland County, 162 Pa. 55, it was held that, "While it is competent for the legislature to enact such a law, it is their duty, and their constitutional obligation, to give notice in the title of such enactments, of their intention to impose a liability upon a municipal organization which is to be affected, and if this duty is neglected, such legislation is contrary to the requirements of the constitution and therefore void." These authorities have never been questioned, and to them many others of like import might be added.

The constitution of our commonwealth gives significance and assigns particular importance to the title of an act, and requires that it shall contain but one subject, and that the said subject shall be clearly expressed in the title. The title is intended to give notice of the legislative intention to affect a right, a power, a remedy, a duty or a liability, and in a manner that those who may be specially interested therein will be clearly invited to examine into the body of the statute.

If it gives notice fairly of the subject of the act so as to lead to such an inquiry, nothing more is necessary. It need not be an index to the contents: Allegheny County Home's Appeal, 77 Pa. 77 ; Com. v. Moore, 2 Pa. Superior Ct. 162 ; The City of Chester v. Bullock, 187 Pa. 544.

The subject-matter of the act in question, as expressed in the title, is the relief of helpless and burial of indigent persons whose legal place of settlement is unknown. By whom they are to be cared for, or by whom the expenses necessarily incident to such relief and burial are to be paid, is not specified in the title. It relates to a class of persons, and provides for their relief. An examination of the act is invited by the very words used in the title: Com. v. Curry, 4 Pa. Superior Ct. 356. It must be admitted that the legislature had the same power to impose liability for this class of persons on the county as it had to impose it on a poor district of the county. The county as a

municipal organization could be specially affected and specially interested by such legislation, and having such interest and possible liability it was plainly and clearly invited by the title into a further examination of the statute. The subject is a single one, it is not misleading, and the provisions upon that subject are expressly connected with it: Com. v. Lloyd, 2 Pa. Superior Ct. 6, affirmed by the Supreme Court in 178 Pa. 308. The title implied necessarily that expenses' would be incurred in providing for the relief and burial of the class of persons mentioned in the title, and all who could be made liable by a legislative enactment for such expenses were bound to examine the provisions of the statute. In re Sugar Notch Borough, 192 Pa. 349, filed July 18, 1899.

In Quinn v. Cumberland County, supra, there was nothing in the title, " An act authorizing the town council of the borough of Carlisle to establish a board of health," to indicate that the county of Cumberland was to be the paymaster of bills incurred by the borough board of health without a hearing in court, or a power of objection to excessive or unreasonable expenditures; and in Mt. Joy Borough v. Lancaster, etc., Turnpike, 182 Pa. 581, while the act itself provides for notice to the defendant corporation, the legislature undertook to pass a supplement to the act which seriously affected the defendant without notice or opportunity to be heard. It was held in the last two cases that the constitution did not permit this to be done. By the provisions of the act before us there is full opportunity given to examine and to defend in an action of assumpsit before any liability is determined.

"Everything which the nature of the subject of a title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated by such title: " Com. v. Jones, 4 Pa. Superior Ct. 362.

Where the title indicates that a right or a power or a remedy is given, but does not indicate that it is exclusive of existing rights, powers or remedies with respect to the same subject, one would naturally infer that it is not so exclusive. Certainly no rational interpretation of the constitution would justify him in assuming that it is exclusive without looking into the body of the act: The City of Pittsburg v. Daly, 5 Pa. Superior Ct. 528. See also Baker v. Warren County, filed at the present sitting of the court.

The title to this act gives notice fairly of the provisions of the act, so as reasonably to lead to an inquiry into the bill.

The assignments of error are sustained, the judgment is reversed and judgment is entered in favor of the plaintiff for the sum of $62.15, with interest from February 14, 1899, and in addition the costs in the court below and in this appeal.

BEEBER, J., dissents.