## F. B. Read *v.* Clearfield County, Appellant.

*Statutes—Constitutional law—Mines and mining—Act of 1893, P. L. 52.*

The title of the Act of May 15, 1893, P. L. 52, relating to bituminous coal mines and providing for the lives, health, safety and welfare of persons employed therein, does not offend against the 3d section of article 3 of the constitution which forbids a bill to be passed containing more than one subject, which shall be clearly expressed in the title.

There is nothing in the statute that does not relate solely to its main subject, to wit: providing for the health, safety and welfare of persons employed in bituminous mines; and there is nothing in the title to mislead one who reads it into the belief that it did not intend to provide for the care of those injured by accident.

*Statutes—Sufficiency of title—Constitutional law.*

A title to an act is sufficient if it shows that a duty is imposed to render a service for which it would reasonably and in the nature of things be expected that compensation would be made; the act is not necessarily void because the title does not declare how and by whom it is to be made.

*Mines and mining—Constitutional law—Bituminous coal act.*

The power of the legislature to define and classify coal mines as it has done, and to legislate for each class separately must be regarded as settled on the authority of Durkin v. Kingston Coal Co., 171 Pa. 193. The bituminous coal Act of May 15, 1893, P. L. 52, does not offend the constitution in being either local or special legislation, nor in containing more than one subject.

Argued Oct. 23, 1899. Appeal, No. 95, Oct. T., 1899, by defendant, from judgment of C. P. Clearfield Co., Feb. T., 1898, No. 92, in favor of plaintiff on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ, Affirmed. Opinion by BEEBER, J.

Case stated. Before MESTREZAT, P. J., of the 14th judicial district, specially presiding.

The following facts appear from the case stated : F. B. Read, the plaintiff above named, bases his right to recover upon an act of assembly entitled " An act relating to bituminous coal mines and providing for the lives, health, safety and welfare of persons employed therein," approved May 15, 1893, P. L. 52, and especially upon Rule 40 of said act.

On June 8, 1897, Robert Gunn, a miner working in Decatur township, Clearfield county, was injured in Reading colliery by having his shoulder dislocated and receiving other injuries by being caught between a mine car and the coal. The injury came within the knowledge of Cornelius Meagher, the mine foreman, who was of the opinion that the said Robert Gunn required medical treatment. He called upon the plaintiff, Dr. F. B. Read, who is a regularly licensed and registered practitioner of medicine and surgery, to render the necessary medical services, and in due course reported the accident to the mine

inspector of the district. The plaintiff accordingly attended from the 8th to the 25th days of June, 1897, and his bill for the services so rendered is $32.00, and Gunn, the person injured, was and is unable to pay said bill or any portion thereof, wherefore the plaintiff seeks to recover from the county under the act above cited.

The defendant contends that the portion of the act quoted, under which the plaintiff seeks to recover, is unconstitutional and void;. first, because it offends against article 3, section 3 of the constitution of 1874, and second, because it offends against article 3, section 7, clause 26 of the constitution.

If the court be of the opinion that the plaintiff is entitled to recover, then judgment to be entered in his favor for the sum of $32.00, with interest from December 25, 1897, and if not, then judgment to be entered for the defendant, the costs to follow the judgment, and either party reserving the right to sue out a writ of error or appeal therein.

The court entered judgment on the case stated in favor of plaintiff and against defendant in the sum of $32.00, with interest. Defendant appealed.

*Error assigned* was entering judgment in favor of plaintiff on case stated.

*W. C. Miller*, county solicitor, for appellant.—The general rule with reference to titles of acts of assembly, as laid down by a long line of authorities, is: " While it may be difficult to formulate a rule by which to determine the extent to which the title of the bill must specialize its objects, it may be safely assumed that the title must not only embrace the subject of the proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does this it is useless: " In re Road in Phœnixville, 109 Pa. 44; Com. v. Samuels, 163 Pa. 283; Quinn v. Cumberland County, 162 Pa. 55; Mt. Joy v. Lancaster Turnpike, 182 Pa. 581; Pierie v. Phila., 139 Pa. 573; School District's Appeal, 7 Pa. Superior Ct. 4.

This legislation made radical changes in the law. It attempts to relieve the various poor districts from liability for the sup-

port of their indigent,.and places this liability upon the county, thereby.affecting the liability of the taxpayer and of his property to taxation.   The sources of revenue by taxation for poor and county purposes are different.   The same kinds of property are not taxable for each.   It gives no notice to the county that relief is being, or will be furnished, and that it will be called upon to pay the same.   The county is given no voice or say in the furnishing of medical attendance, or whether the injured person is a proper subject of county aid, nor the kind and extent of aid the injured persons should receive.   Such legislation should have required, and no doubt would.have received, the severest scrutiny and strongest opposition on the part of the counties, had any notice been given to them through the title of the act of assembly at the time it was being passed by the legislature.

This legislation cannot now be sustained unless it clearly meets the requirements of the constitutional provisions with reference to its title.

By this legislation a special privilege and immunity is conferred upon a particular class of citizens in violation of the constitutional provision, and, under the decisions of the courts, such legislation is unconstitutional and entirely void.

In the case of Strine v. Foltz & Bro., 113 Pa. 349, it was held that the Act of March 23, 1877, P. L. 25, entitled " An act to empower the sheriffs and prothonotaries of the several counties . . . . to sue for their fees," was special legislation and void.   See also Sayre Borough v. Phillips, 148 Pa. 482.

A number of recent acts of assembly providing special privileges for special classes of persons have been held to be unconstitutional by our lower courts.   The Act of June 6, 1893, P. L. 328, " An act providing for the relief of needy, sick, injured, and, in case of death, burial of persons whose legal settlement is unknown," has been held to be unconstitutional, on the ground that it is class legislation, by Judge CRAIG: Conyngham Township v. County of Luzerne, 5 Pa. Dist. Rep. 183.

The Act of May 26, 1897, P. L. 106, prohibiting the discharge from public positions of union soldiers without a reasonable cause, has been held to be unconstitutional as class legislation, by Judge PERSHING: Brower v. Levan, 7 Pa. Dist. Rep. 702.

The Act of July 2, 1895, P. L. 434, amending the Act of

April 18, 1893, P. L. 23, relative to nonresident children of soldiers of the late war of the rebellion attending school in the common schools of districts outside of those in which their parents, guardians, or others entitled to their custody, may reside, has been held to be unconstitutional on the ground of class legislation, by Judge EWING : Sewickley School District v. Osborne School District, 6 Pa. Dist Rep. 211. And also by Judge BITTINGER : York City School District v. West Manchester School District, 8 Pa. Dist. Rep. 97.

The court below rested its decision of this case upon the case of Com. v. Jones, 4 Pa. Superior Ct. 362. The appellant contends that the decision of that case does not rule the present case. In that case the court considered the act with reference to the mine operators and the miners in their employ, as an act of assembly regulating the duties and obligations of the employers, for the purpose of protecting the health and securing the safety and welfare of the employees.

*A. M. Liveright* and *Singleton Bell,* for appellee.—In this case the real purpose is the protection of the lives, health, safety and welfare of those employed in bituminous coal mines. All these purposes are expressed in the title. The clause under fire in the present case is germane to the subject-matter and is manifestly cognate to the subject of legislation. In Com. v. Jones, 4 Pa. Superior Ct. 362, Judge SMITH, in commenting upon this same act of May 15, 1893, says : " Everything which the nature of the subject of a title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated by such title," and " There is nothing in the statute that does not relate solely to its main subject." Assuming, however, that there is an additional burden, an examination of the decisions of the higher courts fails to lead to the conviction that this objection is of any force : Sugar Notch Borough, 192 Pa. 349.

Reverting to the argument that there should be some distinct and special notice of the fact that a burden is to be imposed upon a county, appellee would say that the payment by the county for services rendered in conformity with Rule 40 of the Act of May 15, 1893, P. L. 52, is merely an incident, a detail necessary for the effective accomplishment of the measures des-

ignated by the act: Com. v. Sellers, 130 Pa. 32; Com. v. Lloyd, 2 Pa. Superior Ct. 6; Hays v. Cumberland Co., 5 Pa. Superior Ct. 159; Baker v. Warren Co., 11 Pa. Superior Ct. 170; Overseers v. Armstrong Co., 11 Pa. Superior Ct. 175.

Even less merit is there in the position that Rule 40 is an offense against article 3, section 7, clause 26 of the constitution of Pennsylvania.

Appellant holds that Rule 40 confers upon miners injured in and about bituminous coal mines a special privilege, not enjoyed by any other class of citizens of the commonwealth.

He forgets that Durkin v. Kingston Coal Co., 171 Pa. 193, and Commonwealth v. Jones, supra, have held it competent to define and classify coal mines and to legislate for each class separately. It is precisely in line with this power of classification that the legislature passed the act of May 15, 1893.

OPINION BY BEEBER, J., January 17, 1900:

The title of the Act of May 15, 1893, P. L. 52, is as follows: " An act relating to bituminous coal mines, and providing for the lives, health, safety and welfare of persons employed therein." Rule 40 of article 20 of the act reads: " If any person shall receive any injury in or about the mine and the same shall come within the knowledge of the mine foreman, and if he shall be of opinion that the injured person requires medical or surgical treatment, he shall see that said injured person receives the same, and in case of inability of such injured person to pay therefor the same shall be borne by the county. The mine foreman shall report monthly to the mine inspector of the district on blanks furnished by said inspector for that purpose all accidents resulting in personal injury." The constitutionality of Rule 40 is denied on two grounds, first, because the title of the act in which it is found violates the 3d section of article 3 of the constitution, which forbids a bill to " be passed containing more than one subject, which shall be clearly expressed in its title," and second, because it offends against the 7th section of the same article which forbids the passing of " any local or special law . . . . granting to any corporation, association or individual any special or exclusive privilege or immunity. . . ."

First, does the title violate the constitutional requirement

that it shall have only one subject which shall be clearly expressed? As has been frequently said there is no fixed, well-defined rule by which every act can be tested. It is clear, however, under the authorities, that the title need not be a complete index of the contents of the act. Its purpose is to give notice to all persons concerned of a legislative intent to legislate upon a particular subject, and if it does this, in a manner that clearly invites all persons interested to examine the body of the statute, it is sufficient. Had the first clause of the title of this act, "An act relating to bituminous coal mines," stood alone it would have been as broad and comprehensive as it would be possible to make it, and would have included the entire range of the affairs of such mines so far as they were within legislative control. There is no doubt that there would have been but one subject in the title, and that clearly expressed. But there is another clause added to the title, "and providing for the lives, health, safety and welfare of persons employed therein," which may be termed a specifying clause. This clause raises the question whether the unity of the subject and the clearness of its expression have been destroyed to the extent of making the act invalid. It seems plain to us that there is still but one subject, and the specifying clause does not have a tendency to mislead any one examining the title into supposing that the act does not propose to deal with the subject-matter of Rule 40. So long as it does not do this the title is valid. The rule is expressed by Mr. Justice MITCHELL in Sugar Notch Borough, 192 Pa. 349, as follows: "Where the general title, sufficient to cover all the provisions of an act, is followed by specifications of the particular branches of the subject with which it proposes to deal, the scope of the act is not limited nor the validity of the title impaired except as to such portions of the general subject as legislators and others would naturally and reasonably be led by the qualifying words to suppose would not be affected by the act. This is the rule established by all our cases. It is an application of the maxim expressio unius exclusio alterius. The express enumeration of the specific subjects must be affirmatively misleading as to the intent to exclude others, or the title will not be made invalid by it." With this rule in mind we can only repeat what we said in Commonwealth v.

Jones, 4 Pa. Superior Ct. 362: "There is nothing in the statute that does not relate solely to its main subject, to wit: 'providing for the lives, health, safety and welfare of persons employed in bituminous coal mines.'" There is nothing in the title to mislead one who reads it into the belief that it did not intend to provide for the care of those injured by accident. On the contrary it appears to us that the reference to the lives, health, safety and welfare is a distinct intimation to any one interested to expect the body of the act to make provision for accidents, which, of course, would mean a probability of expense being incurred on that account. We consider the following cases sustain this conclusion: Sugar Notch Borough, supra; Hays v. Cumberland, 5 Pa. Superior Ct. 159; Overseers v. Armstrong Co., 11 Pa. Superior Ct. 175, and cases therein cited. The cases so confidently relied on by the appellant, such as Road in Phœnixville, 109 Pa. 44, and Quinn v. Cumberland Co., 162 Pa. 55, are cases which illustrate how the language of a title may be affirmatively misleading, either because of its apparently limited or narrow scope, or because it gives no hint whatever of an intent to provide for expenses for matters not mentioned at all in the title, and thus they are within the exceptions mentioned by Mr. Justice MITCHELL in Sugar Notch Borough, supra.

If we are right in this conclusion we cannot assent to the statement that there has been no notice to the county that it is to bear the expense. It is charged with notice because the title indicates an intent to legislate for the purpose of accomplishing that which may be reasonably expected to cause expense. This is enough; the person or body who is to bear the expense need not necessarily be mentioned in the title. As was said in Baker v. Warren County, 11 Pa. Superior Ct. 170, "None of these cases is authority for the proposition that, even if the title shows that a duty is imposed to render a service for which it would reasonably and in the nature of things be expected that compensation would be made, the act is necessarily void because the title does not declare how and by whom it is to be made." The county is not shut off from all defense by Rule 40. In the first instance the mine foreman is to see that the injured person receives medicine or surgical treatment if he thinks it is required, but the county is not obliged to pay

except in case of the inability of the injured person to do so. It can make no difference that this liability has been imposed on the county instead of the poor district of the injured person, for the legislature has as much power to impose it on the former as on the latter: Overseers v. Armstrong County, supra.

Second, does the act offend the constitution in that it is a local law granting exclusive or special immunities to particular individuals. We have decided that it does not in Com. v. Jones, supra, relying on Durkin v. Kingston Coal Co., 171 Pa. 193. We can add nothing further on this point. We have no inclination to change our conclusion. We think it is clear under the authorities that the legislature has the right to classify the coal mining business of the state in the way it has and to legislate for each class separately. The act under consideration is an exercise of the police power. So long as the right to classify exists, a law which bears upon all persons of the class is not a special law within the meaning of the constitution.

Judgment affirmed.

PER CURIAM, January 17, 1900:

The above opinion was written by Judge BEEBER during his term of office as a member of this court, the case having been duly assigned to him for that purpose. It is now adopted and filed as the opinion of the court.