## Coal Township.

*Constitutional law — Townships — Classification of townships—Act of April* 28, 1899, *P. L.* 104.

The act of April 28, 1899, entitled " An act to provide for the classification of townships of the commonwealth, with respect to their population, into two classes, and to prescribe a form of government of townships of each class," is constitutional.

*Statutes—Repeal—Townships—Contract as to roads—Acts of June* 12, 1893, *P. L.* 451, *and April* 28, 1899, *P. L.* 104.

The act of April 12, 1899, classifying townships, repeals the act of June 12,

1893, entitled " An act enabling the taxpayers of townships and road districts to contract for making at their own expense the roads, and paying salaries of township or road district officers, and thereby preventing the levy and collection of road tax therein," so far as townships of the first class are concerned.

Argued Oct. 25, 1900.   Appeal, No. 108, Oct. T., 1900, by Jacob Fleming et al., from order of Q. S. Northumberland Co., Feb. T., 1900, No. 70, approving contract as to roads in matter of the petition, bond and proof of notice and order of court in matter of contract of Township of Coal, under act of June 12, 1893, with the Philadelphia & Reading Coal & Iron Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Petition of Philadelphia & Reading Coal & Iron Company to direct supervisors to enter into a contract with the petitioner as provided for in the 5th and 6th section of the Act of June 12, 1893.

The supervisors filed an answer to the petition in which they averred that the act of June 12, 1893, had been repealed by the act of April 28, 1899, inasmuch as Coal township was a township of the first class.   The Philadelphia & Reading Coal & Iron Company filed a replication in which they averred that the act of April 28, 1899, was unconstitutional.   The court in an opinion by W. F. BAY STEWART, J., specially presiding, entered an order in accordance with the prayer of the petition.

*Error assigned* amongst others was the order of the court.

*William W. Ryon* and *George B. Reimensnyder*, for appellant.

*S. P. Wolverton*, for appellee.

PER CURIAM, February 14, 1901:

The questions raised upon this appeal are, first, whether the Act of April 28, 1899, P. L. 104, entitled, " An act to provide for the classification of townships," etc., is constitutional; second, whether it repealed, so far as townships of the first class are concerned, the Act of June 12, 1893, P. L. 451, entitled,

" An act enabling the taxpayers of townships and road districts to contract for making, at their own expense, the roads, and paying salaries of township or road district officers and thereby preventing the levy and collection of road tax therein." The case was submitted upon the paper-books without oral argument, since which the question of the constitutionality of the act has been decided in the affirmative by the Supreme Court in the case of Commonwealth ex rel. Jones v. Blackley, not officially reported at this time. This question being settled, we see no escape from the conclusion that the second question must also be answered in the affirmative. Indeed, one of the questions raised in the case cited was as to the repeal of a local law relative to the election and duties of township treasurer. It was held that the special act must yield to the later general one. The act of 1893 is not local, it is true, but there is such a positive and manifest repugnancy between its provisions and those of the act of 1899, that they cannot stand together or be consistently reconciled. Upon that question we adopt the opinion of the learned judge specially presiding in the court below. But upon the other question the decree must be reversed.

The decree is reversed and the proceedings are set aside.