# Commonwealth v. Mintz, Appellant.

*Constitutional law—Presumption in favor of constitutionality of statutes.*
All the presumptions are in favor of the constitutionality of statutes, and the courts are not to be astute in finding or sustaining objections.

*Constitutional law—Classification—Cities.*
Classification based on genuine and substantial distinctions is within the constitutional power of the legislature, and an act which applies to all the members of a class is general and not special.

*Constitutional law—Title of act—Special legislation—Junk dealers—Act of April 11, 1899, P. L. 37—Police power.*
The act of April 11, 1899, entitled "An act relating to the keepers of junk shops and second-hand dealers in cities of this commonwealth," is constitutional. The act is sufficient in title, does not violate the rule against special legislation, and deals with a subject within the police powers of the state.

Argued May 20, 1901. Appeal, No. 12, April T., 1901, by defendant, from judgment of Q. S. Venango Co., April Term, on verdict of guilty in case of Commonwealth v. Israel M. Mintz. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for violating Act of April 11, 1899, P. L. 37. Before CRISWELL, P. J.

At the trial the defendant was convicted of the offense charged in the indictment. He subsequently moved in arrest of judgment on the ground that the act under which he was convicted was unconstitutional.

The court overruled the motion and passed judgment of sentence on the defendant.

*Error assigned* was the order of the court.

*W. J. Breene,* of *Breene & Wilbert,* cited on the question of classification: Ayars's App., 122 Pa. 277; Com. v. Clark, 14 Pa. Superior Ct. 435.

*John L. M'Bride,* district attorney, with him *Peter M. Speer* and *Isaac Ash,* for appellees, cited on the question of classification: Wheeler v. Philadelphia, 77 Pa. 338; Ayars's Appeal, 122 Pa. 281; Ruan Street, 132 Pa. 257; Davis v. Clark, 106 Pa. 377; Weinman v. Wilkins, etc., Pass Railway Co., 118 Pa. 192; Commonwealth v. Macferron, 152 Pa. 244; Van Loon v. Engle, 171 Pa. 157; Durkin v. Kingston Coal Co., 171 Pa. 193.

OPINION BY ORLADY, J., February 14, 1902:

The defendant was convicted of violating the provisions of the Act of April 11, 1899, P. L. 37, entitled, "An act relating to the keepers of junk shops, and second hand dealers in cities of this commonwealth." Appellant urges that the court below erred in overruling his motion in arrest of judgment and in entering judgment on the verdict on the point reserved.

The provisions of the act of assembly in question relate to any keeper, owner, proprietor or employee of any junk shop and to any owner, proprietor, or employee of any second-hand store within any city of this commonwealth who may barter, purchase, exchange, buy or accept from any person whatsoever, except plumbers holding licenses as such from such city, or the owner or owners of buildings from which the material is taken, any pipe, faucet, boilers, spigots, coils or any other like material whatever . . . . without providing and keeping books, and making therein at the time of such purchase, exchange, receiving or accepting, entries provided by the act.

The class of municipal divisions affected by this act is defined and easily ascertained and it must not be lost sight of that the attitude of the courts is not one of hostility to acts whose constitutionality is attacked. On the contrary, all the presumptions are in their favor, and courts are not to be astute in finding or sustaining objections. It is the settled law since Wheeler v. Philadelphia, 77 Pa. 338, that classification based on genuine and substantial distinctions is within the constitutional power of the legislature, and an act which applies to all the members

of a class is general and not special: Sugar Notch Borough, 192 Pa. 349.

The regulation of this class of dealers is within the police power of the state, and the legislative judgment in prescribing rules and imposing penalties in conducting such a business is to be made effectual by the courts unless it is clearly in violation of the constitution.

In Commonwealth v. Muir, 1 Pa. Superior Ct. 579, "An act to regulate and license public lodging houses in the different cities of this commonwealth was held to be constitutional, and on review by the Supreme Court in 180 Pa. 47, it was said to be so obviously valid that discussion of the subject was unnecessary.

In the peddling cases, Commonwealth v. Brinton, 132 Pa. 70, Sayre Borough, 148 Pa. 482 ; Shamokin Borough v. Flannigan, 156 Pa. 43, and others of like import, statutes and ordinances have been held valid on the ground that they showed a purpose to exclude able-bodied rogues and vagrants who might commit felonies under cover of peddling. The business of keeping a junk shop or second-hand store is a proper subject for legislative control. Such a business appeals to the necessity and cupidity of the needy and criminal classes in furnishing a market for unsalable articles and it is within the common knowledge of men that the business is most actively conducted in the cities of the commonwealth.

The title of this act clearly expresses the subject to which the statute is to apply and this is sufficient without expressing in detail the character of the several parts : Commonwealth v. Jones, 4 Pa. Superior Ct. 362 ; Commonwealth v. Curry, 4 Pa. Superior Ct. 356. If the title fairly gives notice of the subject, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents, as has often been said : Pittsburg v. Daly, 5 Pa. Superior Ct. 528. Baker v. Warren County, 11 Pa. Superior Ct. 170; Read v. Clearfield County, 12 Pa. Superior Ct. 419 ; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5 ; Commonwealth v. Hanley, 15 Pa. Superior Ct. 271.

In Sugar Notch Borough, supra, and in Commonwealth v. Gilligan, 195 Pa. 504, the question of classification was fully discussed and it was held that " it may, therefore, be taken as

settled law that in cases of this character the courts will look beyond the mere form of the act, and examine its true intent and effect, in the light of the purpose of the constitutional restrictions." See also Coal Township, 16 Pa. Superior Ct. 260; Plains Township, 16 Pa. Superior Ct. 262; Commonwealth v. Jones and Blackley, 198 Pa. 372; Commonwealth v. Moir, 199 Pa. 534.

The judgment is affirmed.