## Commonwealth v. Fitzpatrick

*Paul M. Chalfin*, for Commonwealth.
*David H. H. Felix*, for defendant.

SLOANE, J., February 1, 1952.—Defendant, president and employe of Joseph Rosenthal's Sons, Inc., is charged with violation of the Act of April 11, 1899, P. L. 37, 53 PS §§2411-12-13. This act makes it unlawful for an owner or employe "of any junk-shop" to buy or accept "any pipe, faucet, boilers, spigots, coils, or any other like material whatever . . . without providing and keeping books", and making the appropriate entries in these books as required by section 2. Section 2 also provides that "such books shall at all times be open to the inspection of any and every member of the police and detective forces. . . ." Rosenthal's does keep books but defendant, upon advice of counsel, refused the police access to and inspection of the books—very simply, on the ground that Rosenthal's is not a junk shop; hence the charge here against him.

I should not try to gild the dictionary. Junk is a word which informs at once, whose meaning may be varied but not smothered with nuance. The word has been defined as words must be defined (see, for example, Commonwealth v. Paul, 31 D. & C. 613), but so well is the word known and used, so little is it given to ambiguity or vagueness that almost you can say it is self-defining, that (without jest or offhandedness) junk is junk, and a junk shop just that. But Rosenthal's is not just that. Rosenthal's is a large-sized corporation dealing in nonferrous metals. Its sources of supply are shiploads from abroad; carloads from other large dealers or industrial plants in our country; truckload lots from metal dealers. "We get a small percentage from the scale business." It deals solely in wholesale lots, in some cases smelting the metal, in others sorting and reselling to mills and refineries. Sixty-five percent of its volume is brokerage; its annual gross is over $5,000,000. I should hesitate to call this business that of a junk shop, as we know a junk shop to be. See City of New York v. Vandewater, 99 N. Y. Supp. 306; The City of Chicago v. Lowenthal, 242 Illinois 404.

Giving strict construction to a penal statute (Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558; Commonwealth ex rel. Varronne v. Cunningham et al., 365 Pa. 68, 71), though I like to hold a plain word to its plain meaning, and granting the true necessity of the act against "fences" for thieves and receivers of stolen goods (City of Pittsburgh v. Streng, 90 Pa. Superior Ct. 288, 291; Commonwealth v. Mintz, 19 Pa. Superior Ct. 283; and cases collected and collated in 30 A. L. R. 1424 et seq.), it seems to me Rosenthal's business is not within its scope. I might remark that the district attorney is of the same view.

I find defendant not guilty.