## Junk Dealers' Books

FRANK P. LAWLEY, JR., Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, October 22, 1958.—We are in receipt of your communication requesting an interpretation of the Act of April 11, 1899, P. L. 37, 53 PS §§4431 to 4433. Specifically, you ask whether the act is applicable to the Pennsylvania State Police Force. Section 1 of said act, 53 PS §4431, requires junk dealers and the like *in any city* to keep

books recording purchases of certain materials. Section 2, as amended, 53 PS §4432, provides:

"Every owner of such junk shops and second hand stores shall provide and constantly keep a book, in which shall be fairly written down in the English language, at the time of every purchase of any such material, a description of all articles so purchased, the name and residence of the person from whom such purchase was made, and the day and hour of such purchase, and such books shall at all times be open to the inspection of any and every member of the police and detective forces of such city. Compliance with the provision of this section shall be evidence of the innocence of a junk shop keeper or second hand dealer of any crime of receiving stolen goods, notwithstanding the fact that the articles may in fact be stolen. Nothing contained in this section shall be interpreted as limiting, or interfering with, the title to, or right of, possession of the lawful owners of the articles." [1]

It should be noted first, that the act has applicability only to junk shops and the like within any "city". No provision is made for such business establishments which are located in rural areas, townships or boroughs. Accordingly, unless there is a local ordinance supplementing this act of assembly,[2] the act can only be applied to dealers in a city of the Commonwealth. Section 2, above quoted, indicates that such books shall be open for inspection at all times by "any and every member of the police and detective forces of such city".[3] At first blush, the act would appear to eliminate State

---

[1] Section 3 of the act, 53 PS §4433, provides penalties.

[2] The police power of a political subdivision may be invoked to regulate business of junk dealing in addition to and not inconsistent with the above statute: City of Pittsburgh v. Streng, 90 Pa. Superior Ct. 288.

[3] This act is constitutional: Commonwealth v. Mintz, 19 Pa. Superior Ct. 283 (1902).

police from its operation. However, it must be remembered that at the time this legislation was passed the State Police Force had not been created. Upon such creation in 1905,[4] the State Police Force was given broad powers for the enforcement of laws within the *entire* territorial jurisdiction of the Commonwealth, which are presently supplied by sections 710 and 712 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §§250 and 252.

Section 710 provides, in part, that the State Police Force shall have the power and its duty shall be:

"(b) To assist the Governor in the administration and enforcement of the laws of the Commonwealth, in such manner, at such times, and in such places, as the Governor may from time to time request; . . .

"(d) Whenever possible, to cooperate with counties and municipalities in the detection of crime, the apprehension of criminals, and the preservation of law and order throughout the State. . . .

"(f) To collect and classify, and keep at all times available, complete information useful for the detection of crime, and the identification and apprehension of criminals. Such information shall be available for all police officers within the Commonwealth, under such regulations as the Commissioner of Pennsylvania State Police may prescribe."

Section 712 provides, in part:

"The various members of the Pennsylvania State Police are hereby authorized and empowered:

"(a) To make arrests, without warrant, for all violations of the law, including laws regulating the use of the highways, which they may witness, and to serve and execute warrants issued by the proper local authorities. They shall have all the powers and prerogatives conferred by law upon members of the police

---

[4] Act of May 2, 1905, P. L. 361.

force of cities of the first class,[5] and upon constables of the Commonwealth;"

By reason of the broad powers above conferred, it is our opinion that the powers given to the city police officers under the Act of 1899 are extended by operation of the law to members of the Pennsylvania State Police Force.

It is our opinion, therefore, and you are accordingly advised that members of the State Police Force may inspect the books and records of junk dealers and the like under the provisions of the Act of April 11, 1899, P. L. 37, 53 PS §§4431 to 4433, within any city. Such power does not extend to any such business establishment located outside of a city.

---

[5] This reference to the powers of police in cities of the first class does not restrict the State police to exercising such powers within such cities. Rather, it describes the extent of State police power which may be exercised throughout the Commonwealth.