T. H. Paterson, I. Knickerbocker and E. H. Gaffney, trading as Paterson Hardware Company, v. Frank Blaisdell and Frank Weisert, trading as Blaisdell & Weisert, Appellants.

*Practice, C. P.—Trial—Charge of court—Failure to ask for instructions.*
In an action to recover for goods sold and delivered, where several items are in controversy, the accidental omission to give instructions concerning a matter of minor importance, to which the attention of the court was not called, is not ground for reversal.

Argued May 8, 1895. Appeal, No. 372, Jan. T., 1895, by defendants, from judgment of C. P. Potter Co., June T., 1892, No. 117, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Scire facias sur mechanics lien for material sold and delivered. Before OLMSTED, P. J.

At the trial defendants claimed that defective materials had been furnished for the roof, and they also claimed that store fronts furnished by plaintiffs were of poor quality.

The substance of the evidence relating to the store fronts and the subject-matter in dispute are stated in the opinion of the Supreme Court.

The court charged in part as follows :

" The defendants allege that the fronts were of such poor manufacture and material that they were worthless or nearly so. Blaisdell and Weisert both deny that they agreed to take the fronts subject to such deduction as Paterson could get from the manufacturer, but that they informed him that they did not want those fronts and would not accept them under the contract

at all; that they were put in temporarily at Paterson's sugges-
tion.   Blaisdell & Weisert both testified to the condition of the
fronts and to their patching them up; one of them at least, so
as to get the glass to fit at all.   Now, gentlemen, were these
fronts good, merchantable fronts, such fronts as are called for
in the contract or understanding between the parties ?   If they
were, then the price should stand as claimed in the plaintiffs'
bill, but if they were not, the plaintiffs' bill should be reduced
to bring the fronts down to their actual value.   They were put
in and have been used ever since as I understand it."

Defendants asked no instructions as to the store fronts.

Verdict and judgment for plaintiff for $155.43.   Defendants
appealed.

*Error assigned* was above portion of charge.

*W. I. Lewis*, of *Larrabee, Lewis & Leonard*, *N. L. Allen* and
*Eugene Mullin* with him, for appellants.

*John Ormerod*, *Benson & Seibert*, *A. S. Heck* and *C. L. Peck*
with him, for appellees.

OPINION BY MR. JUSTICE FELL, July 18, 1895:

The action in the common pleas was to recover the balance
claimed to be due for building materials furnished.   The single
assignment of error relates to the instruction in the charge as
to one item of claim.   Frames alleged to have been defective
in material were furnished for store fronts.   Their acceptance
under the contract was not insisted upon by the plaintiffs, but
they were placed in the building by the defendants under an
agreement made by the parties at the time.   The controversy
related to the terms of this agreement.   The plaintiffs' conten-
tion at the trial was that the frames were accepted and used
with the understanding that they should make a claim to the
manufacturers for a deduction in price because of the defects,
and that any allowance they might obtain should be credited
to the defendants in their final settlement.   The defendants
contended that the. agreement was that the frames should be
used temporarily so as not to delay the completion of the build-
ing, and that better ones for permanent use should be pro-

vided by the plaintiffs. A settlement was afterward made between the parties which included all items of charge except that for the frames. It was asserted by the plaintiffs that this item was omitted from the settlement because their claim against the manufacturer for an allowance had not been adjusted; and by the defendants that it was then agreed that no charge should be made for the frames. There was testimony tending to show that the frames furnished were of good merchantable quality, and it was conceded that they had been put together and put in place and glazed and painted by the defendants' workmen and that they have since remained in use as a part of the building.

The objection to the charge is that while the grounds upon which a recovery could be had were fully presented, the jury was not instructed that if the defendants' witnesses were believed a full defense to this part of the plaintiffs' claim had been made out. The portion of the charge assigned as error does not contain the whole instruction upon the subject to which it refers. No specific instructions were requested. The contest at the trial related to other charges of much more importance to the parties. No question was submitted to the jury which was not fairly raised by the testimony, and if any was omitted the attention of the court should have been called to it. The exception to the charge was general. If further or more specific instructions were desired they should have been asked for. Taking the charge as a whole we do not find that it is inadequate or that any injustice was done the defendants. The accidental omission to give instructions concerning a matter of minor importance, to which the attention of the court was not called, is not ground for a reversal.

The judgment is affirmed.