## Elizabeth Lyons *v.* A. J. E. Means, Appellant.

*Justice of peace—Penalties for taking illegal fees—Statutes construed.*

The penalties provided by the act of March 28, 1814, 6 Sm. L. 234, against justices of the peace for charging illegal fees cannot be imported into the act of May 23, 1893, P. L. 117. The latter act provides no penalty, and the only punishment for taking a fee illegally under it is by action for the excess or indictment for extortion. Irons v. Allen, 169 Pa. 633, followed and applied.

*Justices of peace—Fee bill—Repeal of statutes.*

The act of May 23, 1893, was intended to repeal and has repealed the act of February 3, 1865, P. L. 92, and all other local and general acts on the subject of fees lawfully chargeable by justices of the peace, except so far as they are in whole or in part kept temporarily in force by sec. 13

of art. 3 of the constitution, and where the act of 1893 makes any fee of any officer, elected before its passage, more or less than was given by the old law for a similar service, the old law in such case still governs.

*Justices of the peace—Penalty for receiving illegal fees.*

Where an alderman in Allegheny county, elected prior to the act of 1893, and therefore subject to the provisions of the act of 1865, assumes to make a charge for the unperformed service of receiving money on a judgment appealed from, the fee must be deemed as having been illegally demanded and received under the act of 1865, and therefore as subjecting the justice to the penalty of the act of 1814, whereof the latter statute is a part.

*Practice, Super. Ct.—Power to amend judgment.*

Under sec. 8 of act of June 24, 1895, P. L. 212, the Superior Court has power, in certain cases, to amend or modify the judgment without awarding a new trial.

Argued April 13, 1896. Appeals, Nos. 84 and 85, April T., 1896, by defendant, from the judgment of C. P. No. 1, Allegheny Co., March T., 1895, Nos. 160 and 161, on verdicts for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Modified and affirmed.

Assumpsit to recover the sum of $150 penalties under the acts of 1814 and 1865 for three separate items of alleged taking of fees, upon overcharge or for services not actually performed by the defendant, an alderman of the city of Pittsburg. There were two separate actions in different cases for the same cause of action, and a verdict was rendered in each in favor of the plaintiff for $150. The plaintiff's statement of cause of action in each case alleged that defendant charged and took as costs in execution attachment " 30 cents for affidavit," a service not done, 35 cents " receiving," a service not done, and 15 cents "satisfaction, " a service not done.

*Errors assigned* among others were (4, 5) refusing defendant's fourth and fifth points, which points were as follows :

Fourth. The alleged illegal fees were charged and received under the act of May 23, 1893, and which act provides no penalties, and the provision of forfeiture of the former act does not and cannot extend to the latter in the absence of express legislation.

Fifth. The act of March 28, 1814, is repealed by the act of

May 23, 1893, and the provision for penalty of forfeiture is not now in force.

*D. B. Maxwell*, for appellant.

*Joseph Crown*, for appellee.

OPINION BY WICKHAM, J., May 11, 1896:

The appellant, an alderman in the city of Pittsburg, was amerced in the court below, in the sum of $150, for taking illegal fees from Elizabeth Lyons, the appellee, in a case tried before him, wherein judgment was rendered against her as garnishee in an execution attachment proceeding. She appealed from the judgment and paid, among other costs, three items, which at the time her attorney objected to as illegal. The items in question were as follows: Thirty cents for affidavit, thirty-five cents for " receiving," and fifteen cents for satisfaction. The services for which these fees were paid were not performed.

The alderman, at the time he received the money, agreed to examine the matter further, and if he found that the disputed items were overcharges, to return the amounts. He failed to do this, and after due notice to tender amends was sued. A somewhat different agreement from the one above mentioned was set up by the appellant, but the jury did not accept his statement.

The only question in the case worthy of serious consideration is the one raised by the fourth and fifth assignments of error, both of which rest on the theory that the penal provisions of the act of March 28, 1814 (6 Smith's Laws, 234), not having been re-enacted by the act of May 23, 1893 (P. L. 117), are no longer in force. Section 26 of the act of 1814 provides that, " if any officer whatsoever shall take greater or other fees than is hereinbefore limited, for any service to be done by him, after the 1st day of September next, in his office, or if any officer shall charge or demand and take any of the fees hereinbefore ascertained, where the business for which such fees are chargeable shall not have been actually done and performed, or if any officer shall charge or demand any fee for any service or services, other than those expressly provided for by this act, such officer shall forfeit and pay to the party injured $50.00."

It will be observed that the penalty imposed by the act of 1814 is clearly limited to illegal fees taken under, or referable to, that particular statute, for services performed or unperformed. In Irons v. Allen, 169 Pa. 633, an unsuccessful attempt was made to import into the act of April 2, 1868 (P. L. 3), the penal clause above quoted. The court in discussing the matter say, " The penalty imposed by the act of 1814 is not for taking illegal fees generally, but for taking fees illegal under that act. No fee fixed by the act of 1868 can be said to be ' expressed and limited ' or ' expressly provided ' by the act of 1814; and in taking a fee, illegal under the act of 1868, the only punishment is by indictment. It is not a question of repeal of the 26th section of the act of 1814, by implication or otherwise, but of the omission to re-enact or extend it, and without such re-enactment or extension it cannot, by its own terms, apply to any offense not against its own provisions."

Before the passage of the act of May 23, 1893 (P. L. 117), aldermen, justices of the peace and constables, in Allegheny county, were governed by the fee bill fixed by the act of February 3, 1865 (P. L. 92), passed for Philadelphia, and extended to Allegheny county by the act of March 21, 1865, (P. L. 467). As this act was in express terms an amendment to the act of 1814, it was held in Heinrich v. Venter, 1 Atlantic Reporter, 598, that the taking of illegal fees thereunder was punishable by the latter act. It is contended by the appellant that the act of 1865 was repealed by the act of 1893, which imposes no penalty for taking illegal fees. That the act of 1893 was intended to repeal the act of 1865, and all other local and general acts on the same subject, is apparent from its preamble, which reads as follows: " Whereas, no general fee bill for justices of the peace has been enacted since the act increasing the jurisdiction of justices.

" And whereas, no uniform fee bill for the several counties throughout the commonwealth of Pennsylvania now exists relating to justices of the peace, magistrates, aldermen and constables, therefore, section 1, be it enacted, etc. That there shall be uniformity throughout the commonwealth for the charges of justices of the peace, aldermen, magistrates and constables, and that their fees shall be as follows: "

It needs no argument to show that this act has repealed all

general and local laws on the same subject, except so far as they are, in whole or in part, kept temporarily in force by section 13 of article 3 of the constitution, which provides that, " No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." In view of this constitutional inhibition we are compelled to give the act of 1893 such a construction and effect as will prevent it from increasing or lessening the fees of aldermen, justices of the peace and constables, in office at the time of its passage. The act must be held to apply to and regulate the fees of all officers of the classes mentioned, elected after its passage, and also to every fee of every such official elected before the act was passed, where the amount thereof, as fixed by the new act, is neither greater nor less than that allowed by the statute or statutes previously in force. But where the act of 1893 makes any fee of any officer elected, before its passage, more or less than was given by the old law for a similar service, the old law in such case still governs.

The appellant, who was in office when the act of 1893 was approved, urges that he claimed and took his fees under that act, and had the right so to do. As to two of the items, viz : those charged for the affidavit and satisfaction, we are of the opinion that his contention is correct. The fee for each service is fixed by the act of 1893 at precisely the same amount as by the act of 1865, hence the appellant would be entitled to claim these items under the act of 1893 ; and we must assume that he did so. But the fee taken for the unperformed service of receiving the money on the judgment appealed from stands on a different footing. The act of 1893 made a radical change in the compensation to be allowed for such a service, and it is impossible to refer this charge to the new law. It must be deemed as having been received under the act of 1865, and therefore, as subjecting the appellant to the penalty of the act of 1814, whereof the latter statute is a part.

We are satisfied that the only remedy for taking illegal fees under the act of 1893 is by action for the excess, or indictment for extortion, and that therefore the appellant was liable in this action for only one penalty. The omission to re-enact the penal clause of the act of 1814, or introduce a similar one, is probably unfortunate for the public, but that consideration cannot be allowed to affect our decision.

· The fourth and fifth assignments of error are sustained, to the extent above indicated. None of the other assignments has any merit and they are all overruled.

Under section 8 of the act of June 24, 1895 (P. L. 212), this court has the power, in a case like the one at bar, to amend or modify the judgment instead of awarding a new trial. The appellant is clearly liable for one penalty and one only.

It is therefore ordered and decreed that the judgment of the court below be, and hereby is, reduced to the sum of $50.00, with costs of suit, including the costs of this appeal, and the said judgment, thus modified, is now affirmed.

## LYONS V. MEANS, APPELLANT.

Appeal No. 85, April Term, 1896. Referred to and reported with preceding case.

OPINION BY WICKHAM, J., May 11, 1896:

This is a companion appeal of that at No. 84, April term, 1896, this day decided. The parties are the same in each case and the facts alike. The decisions therefore must be similar.

It is ordered and decreed that the judgment of the court below be, and hereby is, reduced to the sum of $50.00, with costs of suit, including the costs of this appeal, and the said judgment thus modified is now affirmed.