Frederick Hays, Appellant, *v.* Cumberland County.

*Vagrants—Constables' fees—Statutes—Repeal of.*

The Act of May 23, 1893, P. L. 117, repealed all local and general laws prescribing the amounts chargeable by justices and constables as fees for services therein mentioned.

The special Act of April 21, 1866, P. L. 1099, was repealed by the Act of May 8, 1876, P. L. 154: Cumberland Co. v. Boyd, 113 Pa. 52.

A constable is entitled to fees for arrest and commitment of vagrants as prescribed by the act of 1893, and these fees are payable by the county.

*Constitutional law—Arrest of vagrants—Act of 1876.*

The part of the Act of May 8, 1876, P. L. 154, which requires the constables' fees to be paid by the county is constitutional.

Argued March 10, 1897.   Appeal, No. 7, March T., 1897, by plaintiff, from judgment of. C. P. Cumberland Co., in favor of

160      HAYS v. CUMBERLAND.

Statement of Facts—Opinion of the Court. [5 Pa. Superior Ct.

the defendant, on case stated. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Case stated. Before E. W. BIDDLE, P. J.

It appears from the case stated that the plaintiff, a constable for the borough of Carlisle, Cumberland Co., had made five arrests of vagrants, upon which commitments were made on which was claimed 75 cents for each arrest and $1.00 for each commitment; that the above arrests and commitments were legally and properly made in accordance with the law.

If the court be of the opinion that the plaintiff is entitled to recover from defendant 75 cents for each arrest without warrant and $1.00 for each commitment, then judgment to be entered in favor of the plaintiff and against the defendant for the sum of eight and $\frac{75}{100}$ dollars ($8.75).

If the court be of the opinion that the plaintiff is entitled to recover from the defendant the sum of 25 cents for each arrest and commitment, then judgment to be entered in favor of the plaintiff and against the defendant for one and $\frac{25}{100}$ dollars ($1.25).

If the court be of the opinion that the plaintiff is entitled to recover from the defendant no fees for making the said arrests, then judgment to be entered in favor of the defendant—costs to follow the suit.

Either party reserving the right to sue out a certiorari, writ of error or appeal from the judgment of the court.

Judgment for defendant on case stated. Plaintiff appealed.

*Error assigned* was · entry of judgment in favor of defendant and against plaintiff on case stated.

*Geo. Edward Mills*, for appellant.

*R. W. Woods*, with him *Chester C. Bashore*, for appellee.

OPINION BY WICKHAM, J., July 23, 1897:

By the special Act of April 21, 1866, P. L. 1099, it was provided that Cumberland county should not be liable for any fees for the arrest or commitment of any vagrant or intoxicated person.

So the law stood, as to that county, until the passage of the general Act of May 8, 1876, P. L. 154, entitled, "An act to define and suppress vagrancy." This act made it the duty of every constable and police officer in the state, to arrest on notice or on his own view all vagrants, and provides that a wilful refusal to make such arrest in any case shall subject the officer to a penalty of $10.00. It also provides, "that for each arrest, hearing, or commitment made under this act, there shall be paid out of the county treasury to the committing magistrate and officer making such arrest or commitment, the same fees and mileage, as now provided by law, for like services in other cases of arrest, hearing and commitment."

The Act of May 3, 1878, P. L. 40, changed the fees of the committing magistrate and arresting officer and reduced to $5.00 the penalty to be imposed on the latter in case of refusal to arrest. Later, by the Act of May 19, 1879, P. L. 64, the fees of constables, for all services in and about the arrest and commitment of a vagrant, were fixed at 25 cents. By the Act of May 23, 1893, P. L. 117, the fee of a constable, for arresting a vagrant and taking him before a magistrate, is fixed at 75 cents, and $1.00 is allowed for conveying him to jail, on mittimus or warrant.

It has been repeatedly held, that the latter act repealed all local and general laws prescribing the amounts chargeable by justices and constables as fees, for the services therein mentioned: Fenner v. Luzerne County, 167 Pa. 632; Fraim v. Lancaster County, 171 Pa. 436; Lyons v. Means, 1 Pa. Superior Ct. 608. It is clear, therefore, that if the appellant is entitled to any fees from the county, for his services in connection with the arrest and commitment of the vagrants, mentioned in the case stated, he must be paid at the rates fixed by the act of 1893.

In County of Cumberland v. Boyd et al., 113 Pa. 52, decided in 1886, it was held that the special act of 1866 was repealed by the vagrant act of 1876. This case has not been referred to by the counsel on either side, and probably was overlooked, for the reason that its syllabus fails to call attention to that part of the decision relating to the repeal. An examination, however, of the second assignment of error and the manner in which it and the other assignments were disposed of, in the first sentence of the opinion of the Supreme Court, makes the matter plain.

But, if it were left doubtful, we could not avoid reaching a similar conclusion. The act of 1876 provides a general system of dealing with the vagrant class. It applies to the whole commonwealth, requires every constable in the state, under pain of forfeiture, to arrest vagrants; directs that each officer shall be paid for his services out of the county treasury, and expressly repeals all acts inconsistent therewith. It is hard to imagine that the legislature intended that the constables of Cumberland county should perform their work for nothing, which would be the case unless the county paid their fees, and that like officers, elsewhere in the state, should be compensated.

As to the constitutionality of that part of the act of 1876, which requires fees to be paid out of the county treasury, a question not raised in County of Cumberland v. Boyd, supra, we cannot accept the view which controlled the learned judge of the court below. To " suppress vagrancy " the law must be enforced; to enforce the law the proper officers must arrest, try, convict, and commit the vagrants, and it is needful that these officers shall be paid for their services. The compensation clause is therefore germane to the subject-matter, announced by the title of the act; indeed, it may be said to be a necessary detail. The title of the license law of May 13, 1887, P. L. 108, is, " An act to restrain and regulate the sale of vinous, spirituous, malt or brewed liquors or any admixtures thereof." No mention is made therein of licenses, duties of district attorneys and constables, fees to be paid mercantile appraisers, amounts to be paid for licenses, treasurers' commissions, penalties to be imposed for perjury by applicants, or for illegal selling, violation of duty by officials, or the like, and yet in Commonwealth v. Sellers, 130 Pa. 32, the Supreme Court say: " There is not a single section, or clause of any section in the act, that it is not clearly germane to the subject expressed in its title."

The law being plain, the apprehended unfortunate pecuniary consequences that may result to the public, if officers are allowed fees for doing their duty under the vagrant act, on which the learned counsel for the appellee lays some stress, cannot be permitted to influence our decision. It is not out of place to remark, however, that if the custodians of vagrants will comply with their plain duty, under the act of 1876, by making able-bodied vagabonds, who cause themselves to be committed to

prison, work eight to ten hours daily, compelling them to shift stone piles in the jail yard, if nothing else offers, the number of lazy nomads seeking the hospitality of our jails will soon be few indeed.

The judgment of the court below is reversed and judgment is now entered in favor of the plaintiff, and against the defendant, for $8.75, the amount mentioned in the first of the several stipulations, relating to judgment, contained in the case stated.