# Freiler, Appellant, *v.* Schuylkill County.

*Justice of the peace—Fees—Act of April 23, 1909, P. L. 160—Constitutional law.*

1. The Act of April 23, 1909, P. L. 160, entitled "An Act to regulate and establish the fees to be charged by a justice of the peace, aldermen and magistrates in this commonwealth," does not apply to justices of the peace who were commissioned prior to the date of the act.

2. A justice of the peace, while a constitutional, a judicial and a public officer, is not within the class of judges "learned in the law," enumerated in sec. 18 of art. V of the constitution, but is within the protection of sec. 13 of art. III which provides that "no law shall extend the term of any public officer, or increase or diminish his salary, or emoluments after his election or appointment."

Argued Dec. 9, 1910. Appeal, No. 240, Oct. T., 1910, by plaintiff, from judgment of C. P. Schuylkill Co., March

Term, 1910, No. 271, for defendant on case stated in suit of Francis S. Freiler v. Schuylkill County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Case stated to determine fee of justice of the peace. Before SHAY, P. J.

The case stated was as follows:

Francis S. Freiler, the plaintiff above named, is a justice of the peace, residing and having his office in the first ward of the borough of Pottsville, in said county, and was duly elected at a general election held in February, 1907, and duly commissioned according to law to hold said office by virtue of said election for the term of five years from the first Monday of May, 1907. Under the provisions of an act of the general assembly, entitled, "An Act to regulate and establish the fees to be charged by Justices of the Peace, Aldermen and Magistrates in this Commonwealth," approved April 23, 1909, P. L. 160, plaintiff charged the sum of $4.90, as fees in a certain prosecution heard and returned by him in June, 1909, in the case of Com. v. Simon Pusioset et al., No. 939, June Term, 1909, court of quarter sessions of said county, and on January 26, 1910, plaintiff presented a transcript thereof showing the items making up said charge (a copy of which is hereto attached) to the board of commissioners and controller of said county, defendant, demanding payment of said fees.

If the court be of the opinion that the plaintiff is authorized to charge and entitled to receive, the fees prescribed by the said act of April 23, 1909, above cited, then judgment to be entered for the plaintiff, but if not, then judgment to be entered for the defendant, and either party reserving the right to sue out a writ of error therein.

*Error assigned* was judgment in favor of the defendant.

*James B. Reilly,* for appellant.—This case is ruled by

Com. v. Mathues, 210 Pa. 372; Bowman's Case, 225 Pa. 364; Com. v. Butler, 99 Pa. 535.

*R. H. Koch,* with him *C. A. Snyder,* for appellee.—The exact point in this case has been decided heretofore in the cases of Rupert v. Chester County, 13 Pa. C. C. Rep. 342, and in Lyons v. Means, 1 Pa. Superior Ct. 608.

OPINION BY ORLADY, J., March 3, 1911:

The plaintiff was elected a justice of the peace at the general election held in February, 1907, and was commissioned to hold his office, by virtue of that election, for a term of five years from the first day of May following.

On April 23, 1909, P. L. 160, an Act of assembly was approved, entitled, "An act to regulate and establish the fees to be charged by justices of the peace, aldermen and magistrates in this Commonwealth" which changed the amount of fees to be charged by these officers from the ones that had been specified by the acts in force at the date of the plaintiff's commission, and his contention is that the later act determines the fees he is entitled to charge and receive for his services.

It is urged that Commonwealth v. Mathues, 210 Pa. 372, controls this question. That case does decide that "the provision of Article III, sect. 13, of the constitution viz.: 'No law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment' has no relation to the judiciary, or is in any manner incident to it, but on the contrary, its environments in the body of the constitution, are evincive that it is intended to have no application thereto: an attempt to read it as if actually a part of the judiciary article, demonstrates an incongruity so apparent as to constitute a complete negation of any applicability to the judiciary, but, even if it should appear to contain an intention to restrict generally, and if such general intent be in conflict with the subsequent particular one contained in the judiciary article, the latter or particular

intent being the later expression of the will of the people would dominate."

The appellant contends further that the decision of the Supreme Court in Bowman's Case, 225 Pa. 364, applies specially to and favors his contention. It was held in that case, that "under all our constitutions, a justice of the peace has been a constitutional officer, and by the eleventh section of the judiciary article in the present one, he is a judicial officer . . . . as much as a judge, though in a limited sphere as the judicial officer by whose decree the appellees would have him removed from office" and that it necessarily follows that this justice of the peace was entitled to the increased fees of that office provided for by the act of assembly which was passed subsequent to the date of his commission.

By sec. 1, of art. V, of our present constitution, the judicial power of this commonwealth is vested in certain designated courts "and in such others as the general assembly may from time to time establish" and by sec. 18 of that article it is provided that: "The judges of the Supreme Court and the judges of the several courts of Common Pleas and all other judges to be learned in the law shall at stated times receive for their services, an adequate compensation which shall be fixed by law and paid by the state. They shall receive no other compensation, fees or perquisites of office for their services from any source, nor hold any other office of profit, under the United States, this state or any other state."

It was the construction of these sections that was involved in Commonwealth v. Mathues, 210 Pa. 372, in passing on the constitutionality and effect to be given to the Act of April 14, 1903, P. L. 175, which was then under consideration by the Supreme Court.

The judges to whom that case referred were all of the class required "to be learned in the law," and who were to receive for their services an adequate compensation to be fixed by law and paid by the state. This appellant is not in that class by the most liberal construction of the words

used in the constitution. The justice of the peace is not required by any statute, to be a person learned in the law and he is paid—not by the state, nor a salary—but in fees, to be paid by litigants before him or by the county in certain instances. The whole controversy in this appeal is, whether certain fees should be paid by the county of Schuylkill as legal costs, in a criminal prosecution heard by the justice and returned by him to the court of quarter sessions of the county, accompanied by a demand for fees on the commissioners and controller of the county.

Ancient and honorable as is the office of justice of the peace, it has not been from the earliest times, nor in any constitution or act of the general assembly ever been declared to be a requisite or qualification of that office, that the incumbent "be learned in the law." At common law justices of the peace were subordinate magistrates appointed by the King's special commission to administer the criminal law as conservators of the peace; the writ for their election directing them to be chosen "from the most upright and powerful of their county as keepers of the peace" and their jurisdiction at present in civil and criminal affairs is derived from legislative enactments or constitutional grant: 1 Lewis's Blackstone, 352, 354.

It has been held that the term "learned in the law" means that the person is "either admitted or entitled to be admitted without examination to practice as an attorney at law in the state. The term "learned in the law" clearly indicates an intention to prescribe some sort of an educational qualification, and should be given some practical effect; and therefore no one is eligible as a judge who is not, when elected, either admitted or entitled to be admitted, without examination, to practice as an attorney at law. To be learned in the law means that the person must have been ascertained by a competent tribunal prior to his election or appointment: Jamieson v. Wiggin, 12 S. D. 16, 80 N. W. Repr. 137, 46 L. R. A. 317, 76 Am. St. Rep. 585; Howard v. Burns, 14 S. D. 383, 85 N. W. Repr. 920.

While with us he is a constitutional, a judicial, and a public officer, yet he is not within the class of judges "learned in the law," enumerated in sec. 18 of art. V of our constitution, but is within the protection of sec. 13 of art. III, which provides that "no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment."

The same question was before this court in Lyons v. Means, 1 Pa. Superior Ct. 608, in which we held that a justice of the peace, alderman and constable was entitled to receive the fees fixed by law at the time of his election or appointment, and that such fees can neither be increased or diminished by subsequent legislation during his term of office. See also Hays v. Cumberland Co., 5 Pa. Superior Ct. 159; Richie v. Philadelphia, 37 Pa. Superior Ct. 190; s. c., 225 Pa. 511, in which last case, both the appellate courts of this state held, that real estate assessors in Philadelphia, though public officers, were not entitled to the benefit of an act of assembly which increased the salary incident to such office, but was passed subsequent to the appointment of the appellant in that case.

The same doctrine applies to this case, and the fees to which this appellant is entitled are those fixed by the act in force at the time of his election.

The judgment is affirmed.