## Commonwealth v. Bowers et al.

*Alfred L. Taxis, Jr.*, Assistant District Attorney,
for Commonwealth.

*John Longaker* and *Raymond Pearlstine*, for defendants.

FORREST, J., July 22, 1952.—Both defendants were charged with violation of section 1002, subsec. B (6), of The Vehicle Code of May 1, 1929, P. L. 905, in summonses issued by Frank M. Evans, who was elected as one of the justices of the peace of this county sometime prior to 1952. Both defendants offered to pay the fine and justice of the peace costs of $3.50, in accordance with the fee bill of June 21, 1947, P. L. 862, 42 PS §211, which was refused by the justice of the peace, who claimed that he was entitled to costs of $5 under the Act of January 7, 1952, P. L. 1841, entitled "An Act Fixing The Fees or Costs to be Charged by Aldermen, Magistrates and Justices of the Peace, and Imposing Liability therefor upon the County in Certain Cases." Defendants thereupon waived a hearing, and as a consequence, a hearing was held before the writer of this opinion, defendants pleading guilty to the charge.

The only question before us is whether the fee bill of 1947, which allowed costs of $3.50, or the fee bill of 1952, which allowed costs of $5, should be applicable. There would be no question in the matter if the justice of the peace were elected or appointed after January 7, 1952. This was not the case. The law on this question is well settled and has been since 1911, when the Superior Court decided the case of Freiler v. Schuylkill County, 46 Pa. Superior Ct. 58 (1911), when the court said at page 63:

"The same question was before this court in Lyons v. Means, 1 Pa. Superior Ct. 608, in which we held that a justice of the peace, alderman and constable was entitled to receive the fees fixed by law at the time of his election or appointment, and that such fees can neither be increased or diminished by subsequent legislation during his term of office."

In coming to this conclusion, the Superior Court relied solely on the provisions of article III, sec. 13, of the Constitution of the Commonwealth of Pennsylvania, which provides:

"No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."

The Freiler case was reaffirmed as late as April 21, 1952, when the same question came before President Judge Gibson of the Court of Common Pleas of Washington County. In that case the county controller, the county commissioners and the Attorney General of the Commonwealth of Pennsylvania appeared in answer to the petition and a brief was filed by a representative of the Pennsylvania Magistrates Association, as well as the solicitor for the Washington County Justice of the Peace and Constables' Association.

In view of the foregoing, this court must conclude that the proper costs of the justice of the peace in these two cases must be determined by the fee bill of 1947,

which prescribed costs of $3.50, rather than by the fee bill of 1952, which prescribed costs of $5.

In view of the fact that the hearing judge, at the close of the testimony, found both defendants guilty as charged and sentenced them to pay a fine of $10 and costs, the amount of the latter to be determined by a subsequent order of the court, it will not be necessary to make any other order than to fix the amount of the costs.

And now, July 22, 1952, it is ordered and decreed that the amount of the justice of the peace costs shall be $3.50 in each of the following: Commonwealth v. Bowers, February term, 1952, no. 124, and Commonwealth v. Angstadt, Jr., February term, 1952, no. 147; and further, that the record costs of the court of quarter sessions shall be placed on the County of Montgomery in each case.