Squires and Constables Association of Pennsylvania, Inc., Allegheny County Chapter et al., Petitioners.

Argued October 7, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Andrew N. Farley,* with him *Eric P. Reif, Gerald C. Paris,* and *Reed, Smith, Shaw & McClay,* for petitioners.

*Thomas D. Caldwell, Jr.,* for respondents.

*Marvin Comisky,* with him *Blank, Rome, Klaus & Comisky,* for intervening respondent.

OPINION BY MR. CHIEF JUSTICE BELL, March 25, 1971:

On January 6, 1969, our Court appointed the Minor Court Civil Procedural Rules Committee, pursuant to Article V, Sec. 10(a) and 10(c) of the Constitution of Pennsylvania, adopted in 1968, effective (with some nonrelevant exceptions) January 1, 1969. The Committee drafted and duly recommended to this Court the Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for Justices of the Peace, which we adopted.*

---

* Rules 1 through 5, of the Rules were adopted by Order of this Court dated February 18, 1969; then Rule 6 (now renumbered Rule 7) was adopted on October 15, 1969.

The Squires and Constables Association of Pennsylvania, Inc., Allegheny County Chapter, represents the interest of the various justices of the peace, magistrates, aldermen, constables and deputy constables within Allegheny County and is affiliated with other similar Chapters throughout Pennsylvania.

The individual petitioners were all members of the Minor Judiciary System (a) who were elected to a term of office *prior* to the General Election on November 4, 1969, and prior to the effective date of the Rules of Conduct, and (b) were duly commissioned by the Governor of Pennsylvania pursuant to his authority under Article V, Section 11, as amended, November 2, 1909, of the old Constitution of Pennsylvania of 1874. Petitioners did not choose to stand for reelection in the General Election conducted November 4, 1969, and as authorized by the Constitution of 1968 are therefore "holdover" justices of the peace or aldermen who were elected and commissioned under the old Constitution of 1874.

On May 29, 1970, this Court denied the Petition for Assertion of Original Jurisdiction for Review and Clarification of the Pennsylvania Rules of Conduct, Office Standards and Procedure for Justices of the Peace. On July 2, 1970, upon reconsideration of this matter, we granted Petitioners' Petition for Re-Hearing of Its Original Petition, and the Chairman of the Minor Court Civil Procedural Rules Committee was directed to act as Respondent therein. Oral argument was granted and heard on this matter during the 1970 Fall Session of the Court in Pittsburgh. Petitioners raise several important Constitutional questions (1) respecting their status as "holdover" justices of the peace under our

---

By Order of this Court dated May 1, 1970, it was made effective immediately, new Rule 6 was adopted and inserted in the Rules and then Rule 6 was renumbered as Rule 7.

new Constitution of 1968, and (2) their broad rights under the 1874 Constitution which were not and could not be changed, and (3) the Rules Governing Standards of Conduct of Justices of the Peace (hereinafter "Rules"), especially Rules 1 through 7.* Before we discuss these issues, it is important to first examine the pertinent provisions of Article V of the 1968 Constitution and, secondly, examine the Rules and the far-reaching changes pertaining to our Minor Judiciary which were adopted as authorized thereunder.

We begin with examining Section 8 of the SCHEDULE TO JUDICIARY ARTICLE (V) of our new Constitution. Section 8 provides: "Justices, Judges and Justices of the Peace

"Section 8. Notwithstanding any provision in the article, a present justice, judge or justice of the peace may complete his term of office."

Article V, Section 1, of the Constitution specifically provides: "The judicial power of the Commonwealth shall be vested in a *unified judicial system*** consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law, *and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system."*

Article V, Section 10(a) provides that *the judicial administration of the unified judicial system shall be vested in the Supreme Court* which "shall exercise general supervisory and administrative authority over all the courts *and justices of the peace. . . ."*

---

* These Rules are contained in the Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for Justices of the Peace hereinbefore mentioned.

** Italics throughout, ours, unless otherwise noted.

Turning now to Article V, Section 17(a) and (b), which specifically deals with prohibited activities of members of the Judiciary, we find complete authority for the Rules herein challenged. Section 17(a) and (b) provides:

"Prohibited Activities:

"Section 17. (a) Justices and judges shall devote full time to their judicial duties, and shall not engage in the practice of law, hold office in a political party or political organization, or hold an office or position of profit in the government of the United States, the Commonwealth or any municipal corporation or political subdivision thereof, except in the armed service of the United States or the Commonwealth.

"(b) Justices and judges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court. *Justices of the peace shall be governed by rules or canons which shall be prescribed by the Supreme Court.*"

Pursuant to the authority granted in Section 10(a) and Section 17(b), this Court promulgated the Rules which petitioners now seek to have held unconstitutional or invalid under provisions of the 1968 Constitution. The main thrust of their attack is directed at our Rules 2 and 7, which provide:

"RULE 2. Public Office and Political Activity.

"A. *A justice of the peace* shall not hold office in a political party or political organization, *or hold an office or position of profit in the government of the United States, the Commonwealth or any political subdivision thereof,* except in the armed services of the United States or the Commonwealth.

"B. *A justice of the peace* shall not engage in partisan political activity. He shall not deliver political speeches, make or solicit political contributions, pub-

licly endorse candidates for political office or partici-
pate in party conventions; but nothing herein shall pre-
vent the justice of the peace from making a political
contribution to his own campaign or to a campaign of
a member of his immediate family, or from attending
or speaking at political gatherings in behalf of his own
candidacy.

"Rule 7. Definition.

"As used in the above rules, 'justice of the peace'
means *any* justice of the peace, alderman or magistrate.

"Note: This definition of *'justice of the peace' in-
cludes all justices of the peace, whether elected or ap-
pointed to a term of office commencing before, on or
after January 1, 1970,* and all aldermen and magis-
trates, including police magistrates of the City of Pitts-
burgh. Mayors and like officers (see §12(d) of the
Schedule to Art. V, Pa. Const. 1968) are not included
in this definition."

Broadly stated, petitioners contend that while our
new Constitution of 1968 and the Rules promulgated
by this Court pursuant thereto can restrict or prohibit
certain conduct or activity of a justice of the peace
elected *after* January 1, 1970, these provisions and Su-
preme Court Rules cannot apply to them because they
were elected *prior* to the effective date of the new Con-
stitution and of the challenged Rules.

The various petitioners hold political offices or have
concurrent employment, such as Deputy Sheriff of Al-
legheny County, Investigator and Appraiser of the In-
heritance Tax Division of the Pennsylvania Depart-
ment of Revenue, employee of the Commission for the
Selection of Jurors of Allegheny County, Field Auditor
in the Department of the Auditor General, Chairman
of the Democratic Party of Indiana Township, and
Democratic Committeeman. In essence, notwithstand-
ing the aforesaid provisions of the Constitution and the

aforesaid Rules, they seek to continue their political activities or hold political office or have concurrent employment, as above set forth, together with their office of justice of the peace. This they cannot do.

Petitioners first contend that *Rule 2* violates Article VI, Section 2, of the 1968 Pennsylvania Constitution. Article VI, Section 2, provides:

"Incompatible Offices.

"Section 2. No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached. *The General Assembly may by law declare what offices are incompatible.*" This is neither applicable nor controlling.

Petitioners point to *Commonwealth ex rel. Fox v. Swing,* 409 Pa. 241, 186 A. 2d 24, and *Commonwealth ex rel. Schermer v. Franek,* 311 Pa. 341, 166 Atl. 878, in support of their position that only the Legislature can declare that the office of justice of the peace is incompatible with another position. We disagree. In *Schermer v. Franek,* the Court held that only the Legislature could declare the offices of justice of the peace and mayor of a third-class city to be incompatible with Article XII, Section 2, of the Constitution of 1874. While there is broad language in *Franek,* the case is distinguishable from the instant case for the obvious reason that *a justice of the peace under the Constitution of 1874 was not part of the Unified Judicial System in which the Supreme Court was specifically granted the general supervisory and administrative authority over all the Courts and justices of the peace.* There is nothing in *Franek* which limits or precludes the inherent power of our Court or our Constitutionally-granted power from deciding which office or what con-

duct of behavior is incompatible with being a member of the Judiciary.

*Commonwealth ex rel. Fox v. Swing,* 409 Pa., supra, involved a quo warranto action filed by the District Attorney against Swing, who simultaneously held the offices of Radnor *Township Treasurer and County Commissioner* of Delaware County. *Swing* is distinguishable because in that case the Court was dealing with incompatibility of offices of political subdivisions of the Commonwealth and *not* the incompatibility of conduct or offices held by members of its own Judicial family.

Rule 2 is an exercise of the "general supervisory" power of the Supreme Court which is specifically granted by Article V, Section 10(a). Rule 5 further amplifies this "general supervisory" power and the intent to make the justices of the peace subject to the same or similar Rules of Conduct as all other members of the Judiciary. Rule 5 makes it the duty of all justices of the peace to "abide by the canons of judicial ethics of the American Bar Association, the Pennsylvania Bar Association and the Supreme Court of Pennsylvania as from time to time existing."*

Petitioners next contend that the Rules violate Article III, Section 27, of the 1968 Pennsylvania Constitution. Article III, Section 27, provides:

"Changes in Term of Office or Salary Prohibited

"Section 27. No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." Petitioners cite in support of their contention *Freiler v.*

---

* Canon 24 of the Judicial Ethics provides: "A judge should not accept inconsistent duties; nor incur obligations, pecuniary or otherwise, which will in any way interfere or appear to interfere with his devotion to the expeditious and proper administration of his official functions."

*Schuylkill County,* 46 Pa. Superior Ct. 58. This is an unwarranted construction of Section 27—*Freiler* is inapposite for the very reasons cited therein. The Court held that a justice of the peace was not a member of the Judiciary under Article V, Sections 1 and 18, of the Constitution of 1874.

*Freiler* is further distinguishable for the additional reason that a statute enacted after Freiler was elected justice of the peace, increased his salary or emoluments after his election. Restricting a justice of the peace from holding another office or pursuing governmental or political activities extraneous to his Judicial office is not a decrease of his "salary or emoluments" and is undoubtedly both factually and legally distinguishable from Legislation diminishing or increasing his "salary or emoluments."

We hold that Rule 2 does not violate Article III, Section 27.

Finally, petitioners contend that Rule 2 violates Article VI, Section 7, in that civil officers can only "be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate." They argue that by defining certain offices and activities to be incompatible with the office of justice of the peace, the Rules *may* result in certain of the petitioners being required to forfeit their commissions. With this analysis and contention we cannot agree. It is based on incorrect premises and completely ignores Article V, Section 18(a) and (k). Article V, Section 18(k), mandates: "The Supreme Court shall prescribe rules of procedure for the suspension, removal, discipline and compulsory retirement of justices of the peace." Moreover, Section 18(a) creates *a Judicial Inquiry and Review Board* to recommend to the Supreme Court the suspension, removal, discipline or compulsory retirement of, inter alia, justices of the peace.

In a nutshell, petitioners contend that the Supreme Court has no right, power or authority under the Constitution of 1968 or otherwise, to render any decision or promulgate any rule which changes or diminishes *any* rights, privileges or powers which they had possessed prior to the Constitution of 1968. With this contention we completely disagree. It ignores all the changes and reforms embodied in the 1968 Constitution and the Rules adopted thereunder and, more importantly, it flies in the teeth of Section 1 of Article V thereof, which creates a *Unified Judicial System* for the Commonwealth, including specifically all Courts and justices of the peace, and Section 10(a) which provides that "the Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace. . . ."

For all the foregoing reasons, we dismiss the petition to hold the Rules promulgated by the Supreme Court invalid or unconstitutional, and find the Constitutional provisions and the cases relied upon by petitioners do not support their contentions. We uphold the Constitutionality of these Rules and the power of this Court to promulgate such Rules, and we specifically hold these Rules to be binding on all justices of the peace, aldermen, magistrates "whether elected or appointed to a term of office commencing before, on or after January 1, 1970."

Petition dismissed.

Mr. Justice Jones and Mr. Justice Roberts concur in the result.

Mr. Justice Cohen took no part in the decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I join in the opinion of the Court, but would add that in my view this Court possessed inherent power,

quite aside from the provisions of the new Article V of the Constitution, to declare the incompatibility of political activity or governmental employment, on the one hand, and the holding of judicial office on the other hand. The source of this power is to be found in the Provincial Act of May 22, 1722, 1 Sm. L. 140, which invested this court with the jurisdiction and powers for all purposes which were exercised by the Justices of the Court of King's Bench at Westminster. See, e.g., *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 99-100, 61 A. 2d 426 (1948) ; *Carbon County Judicial Vacancy*, 292 Pa. 300, 302-303, 141 Atl. 249 (1928). See also *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A. 2d 24 (1962) (dissenting opinion).