## Commonwealth v. Rife

*Oscar F. Spicer,* for Commonwealth.
*Ronald J. Hagarman,* for defendant.

MacPHAIL P. J., May 10, 1971.—Defendants in this case have been charged with murder and voluntary manslaughter. The complaint was filed before Charles R. Leader, a fee, holdover, justice of the peace in Cumberland Township, Adams County, Pa. The criminal acts are alleged to have taken place in the Borough of Abbottstown, Adams County, Pa. No preliminary hearing has been held.

Defendants have filed a "petition to dismiss," alleging that Mr. Leader has no jurisdiction in the case because he is in violation of article V, sec. 17(a), of the Constitution of Pennsylvania and Rule 2A of the Rules of the Supreme Court of Pennsylvania governing standards of conduct of justices of the peace by virtue of the fact that he is employed as a school teacher while serving as a justice of the peace. Defendant's legal position rests solely upon the opinion of the Pennsylvania Supreme Court in the matter of Squires and Constables Association of Pennsylvania, Inc., et al., 442 Pa. 502, filed March 25, 1971. That opinion held specifically that the rules of the Supreme Court relating to the conduct, office standards, and procedures for justices of the peace were (a) constitu-

tional and (b) binding upon all justices of the peace, whether elected or appointed to a term of office commencing before or after January 1, 1970. The petitioners before the Supreme Court in that case were all holdover justices of the peace who conducted political activities or held political office. The Supreme Court said in the course of their opinion, "This they cannot do."

Defendants would now have us hold that since the Commonwealth's answer in the within matter admits that Mr. Leader is a school teacher in the Upper Adams County District, and is also serving as a fee justice of the peace, he has, ipso facto, forfeited his right to serve as a justice of the peace and that he is without power or authority to conduct the duties of his office. We feel defendants construe the recent Pennsylvania Supreme Court opinion far beyond its specific holding. All that the Supreme Court held in the case was that its rules were binding upon holdover justices of the peace. It said nothing about what the effect of its ruling would be, even with respect to those parties before it. If defendants before us are correct in their contention, then it follows that the Pennsylvania Supreme Court could and should have said in its opinion that the petitioners, by virtue of their conflict in interest, were disqualified from performing their official duties in the future. This they did not do, for the obvious reason that there was no proceeding before the court to effect an ouster of the petitioners.

If, in fact, Mr. Leader is in violation of the rules of the Supreme Court and/or the Constitution of Pennsylvania, appropriate remedies are available to aggrieved parties. Where a public official is a de jure officer and his conduct works a forfeiture of his office, the remedy is quo warranto: Commonwealth v. Allen et al., 70 Pa. 465 (1872). Until appropriate action has been taken to remove a de jure officer, he is not

prohibited from performing his official acts. If the law were otherwise, public officials could be removed arbitrarily without the opportunity to defend themselves. In the within action, Mr. Leader is not a party and has had no opportunity to defend against the allegations of defendants. Even though the supervision of holdover justices of the peace is vested in this court by virtue of the rules of the Supreme Court, we would have neither the authority nor the jurisdiction to remove Mr. Leader under a petition to dismiss a murder charge.

It is not necessary in the proceeding now before us to determine whether Mr. Leader is in violation of the Constitution or the rules of the Pennsylvania Supreme Court.

Having found that Mr. Leader's right to perform the duties of his office has not been legally impeached, it is hardly necessary to add that jurisdiction of the subject matter in this case, a felony, may properly be laid in the office of a holdover justice of the peace anywhere in the county where the offense occurred.

## ORDER OF COURT

And now, May 10, 1971, the petition to dismiss is denied.