CAMPBELL, P. J.,
— Both above-captioned defendants were found guilty of speeding on Interstate 80. Motions in arrest of judgment have been filed raising the question of jurisdiction. The facts are not in dispute. Both defendants were taken before a justice of the peace elected prior to November 4, 1969. Another justice of the peace elected prior to November 4, 1969, was the nearest available magistrate. We must grant both motions.
Prior to the 1968 Pennsylvania Constitution, Pennsylvania’s “nearest available magistrate” statutes were construed and interpreted as limitations on jurisdiction: Commonwealth v. Muth, 397 Pa. 106 (1959). Article 5, schedule 14, of the 1968 Constitution makes the matter of where a proceeding is to be brought one of venue. This provision is only applicable when the action is brought before an issuing authority elected or appointed after November 4, 1969. See Note and Comment on Rule 154 of Pennsylvania Rules of Criminal Procedure pertaining to justices of the peace. Section 10 of article 5 curtails the Supreme Court’s rule-making power in that the rules may not “affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace . . .” The legislature has not seen fit to repeal “nearest available” statutes for magistrates elected or appointed prior to November 4, 1969.
We believe the case of Squires and Constables Assn. of Pa., Inc., et al., Petitioners, 442 Pa. 502 (1971) to be inapposite. There, the Supreme Court’s rule-making power was not limited but on the contrary authorized.
We, therefore, enter the following order:
And now, August 20, 1971, defendants’ motions in arrest of judgment are granted and defendants discharged, costs to be paid by the County of Centre.